# MAY *v.* STATE.

Division A. Oct. 9, 1950.

No. 37643 (47 So. (2d) 887)

**Martin & Farr,** for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Holmes, C.**

Appellant was convicted in a justice of the peace court of Jefferson Davis County on an affidavit charging that he did "unlawfully and wilfully sell intoxicating beverage, to-wit, beer, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi". He appealed to the circuit court where he was again convicted, and from this latter conviction he prosecutes this appeal.

Numerous grounds are assigned for the reversal of the judgment of conviction, but in view of our conclusion we consider only the contention of appellant that the affidavit charges no offense and is therefore insufficient to support the conviction.

It is the constitutional right of the accused to be informed of the nature and cause of the accusation against him; hence he is entitled to a plain statement of the charge against him. It is fundamental that the affidavit must set forth the essential elements of the offense sought to be charged. If the facts alleged do not constitute such an offense within the terms and meaning of the law or laws on which the accusation is based, or if the facts alleged may all be true and yet constitute no offense, the affidavit is insufficient. 27 Am. Jur., page 621.

 Chapter 171 of the Laws of 1934, as amended by Chapter 224 of the Laws of 1942, Section 10207 et seq., Code of 1942, legalizes the sale of beer of an alcoholic content not exceeding four per cent by weight, unless, as the result of an election duly and lawfully held for such purpose, the sale of beer is not permitted in the county in which the sale is alleged to have been made. The appellant may have sold beer of an alcoholic content not exceeding four per cent by weight, and yet he was guilty of no offense unless, as a result of an election duly and lawfully held for such purpose, the sale of beer was not permitted in the county alleged. Therefore, the facts alleged in the affidavit may all be true, and yet the appellant be guilty of no offense. It was essential to the sufficiency of the affidavit that it allege not only the sale of beer, but that as a result of an election duly and lawfully held for such purpose, beer was not permitted to be sold in the county in which the sale occurred. It is true that the proof shows that such an election had been lawfully held in Jefferson Davis County, and that as a result thereof the sale of beer was not permitted in said County, but it was necessary that the affidavit allege this essential element of the offense, and the failure of the affidavit so to do constitutes an omission of an essential element of the offense and renders the affidavit insufficient to support the conviction. This Court held in Loughridge et al. v. State, 3 So. 667, that an affidavit for violation of a local option law will not support a conviction where it fails to charge that a local option act was in effect in the county where the offense was committed, although the evidence shows the law to have been in operation in such county.

We are accordingly of the opinion that the affidavit on which the appellant was convicted charges no offense and is insufficient to support the conviction. The judgment of conviction is therefore reversed and the appellant discharged and the case remanded without prejudice to

the right of the State to bring against the appellant a charge founded on a proper affidavit or indictment.

Reversed and appellant discharged and case remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the judgment of conviction is reversed and appellant discharged and the case remanded without prejudice to the right of the State to bring against the appellant a charge founded on a proper affidavit or indictment.