## KELLY *v.* STATE.

No. 41162 July 2, 1959 113 So. 2d 540

114

*W. M. Broome,* Crystal Springs, for appellant.

116

G. *Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

PER CURIAM.

On October 6, 1937 a local option election was held in Copiah County under Chapter 171, Miss. Laws of 1934. In that election the proposition submitted to the voters was the exclusion of the transportation, storage, sale, distribution, receipt and/or manufacture of wine and beer of an alcoholic content of not more than four per centum by weight. The said Chapter 171, Laws of 1934 contained the provision: ''Provided, however that nothing in this section shall prohibit the consumer from possessing or the taking into any county electing to come from under this section said wines and beers for his personal consumption.'' In other words, in the election of October 6, 1937 the voters reserved unto themselves the right to possess beer in Copiah County for personal consumption. No local option election has been held in Copiah County since that date.

In Russell v. State, 231 Miss. 176, 94 So. 2d 916 (1957) it was held that Chapter 252, Miss. Laws 1956, did not apply to, or render unlawful, possession of beer for personal consumption in a county which prior to the enactment of that statute had prohibited traffic in beer, but not its possession, and which had no election under the 1956 statute.

Miss. Laws 1958, Chapter 279, amended Chapter 252, Laws 1956. Subsection (a) remained substantially as in the 1956 Act, but subsection (b) was changed, and subsection (c) was added. The 1958 Act provides as follows: ''(a) Provided, that if any county, at an election held for the purpose under the election laws of the state, shall by a majority vote of the duly qualified electors voting in the election determine that the transportation, storage, sale, distribution, receipt and/or manufacture of such beverages, shall not be permitted in such county then the same shall not be permitted therein. Provided further, that an election to determine whether such transportation, storage, sale, distribution, receipt

and/or manufacture of such beverages shall be exclud-
ed from any county in the state, shall on a petition of
twenty per cent (20%) of the duly qualified electors of
such county, be ordered by the board of supervisors
thereof, for such county only; but no election on the
question shall be held in any one county more often
than once in five (5) years; provided, however, that in
counties which have elected, or may elect by a majority
vote of the duly qualified electors voting in the election,
that the transportation, storage, sale, distribution, re-
ceipt and/or manufacture of wine or beer of an alcoholic
content of not more than four per cent (4%) by weight
shall not be permitted in said county, an election may
be held in the same manner as the election hereinabove
provided on the question of whether or not said trans-
portation, storage, sale, distribution, receipt and/or man-
ufacture of said beverages shall be permitted in such
county, and such election shall be ordered by the board
of supervisors of such county on a petition of twenty
per cent (20%) of the duly qualified electors of such
county; but no election on this question can be ordered
more often then once in five (5) years.

"(b) In any county which has at any time since Feb-
ruary 26, 1934, elected, or which may hereafter elect,
to prohibit the transportation, storage, sale, distribu-
tion, receipt, and/or manufacture of such beverages in
such county, it is hereby declared to be unlawful to
possess such beverages therein. Any person found pos-
sessing any beer or wine of any quantity whatsoever in
such county shall, on conviction, be imprisoned not more
than ninety (90) days or fined not more than five hun-
dred dollars ($500.00) or both such fine and imprison-
ment.

"(c) Nothing in this section shall make it unlawful
to possess beer or wine, as defined herein, in any munici-
pality which has heretofore or which may hereafter vote
in an election, pursuant to section 10208.5, Mississippi

Code of 1942, Recompiled, in which a majority of the qualified electors vote in favor of permitting the sale and the receipt, storage and transportation for the purpose of sale of beer or wine as defined herein.''

Appellant, Jim Kelly, was convicted in a justice of the peace court on an affidavit which charged that he did ''wilfully and unlawfully have in his possession intoxicating liquor, to-wit beer, when the sale of same was prohibited by law in Copiah County, Mississippi, as a result of an election duly and legally called and held in said Copiah County, Mississippi, as reflected in Minute Book S, page 128 through 131, inclusive, of the proceedings of the Board of Supervisors of said County and State and dated October 6, 1937, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Mississippi.''

Subsequently, on appeal, the circuit court also found appellant guilty of the offense charged in the affidavit, and from that judgment this appeal was taken.

Five of the justices are of the opinion that the affidavit does not charge a crime under the 1958 Act, for the reason that it charges that the accused, Jim Kelly, had in his possession beer, ''when the sale of same was prohibited by law in Copiah County, Mississippi, *as a result of an election duly and legally called and held in Copiah County, Mississippi,* as reflected in Minute Book S, page 128 through 131 inclusive, of the proceedings of the Board of Supervisors of said county and state and dated October 6, 1937, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Mississippi.'' (Emphasis ours.)

In other words, the majority of the judges are of the opinion that the affidavit charges, in substance, that the accused wilfully and unlawfully had in his possession beer, as a result of an election duly and legally called

and held in Copiah County, Mississippi, on October 6, 1937, whereas instead of the said law then in force making the possession of beer for personal consumption illegal, the act in force in 1937 expressly provided to the contrary, and the stipulation in the instant case is that the four bottles of beer purchased by the appellant in Warren County, Mississippi, was for his own personal consumption.

A demurrer was interposed by the accused after the case had been appealed to the Circuit Court of Copiah County from the Court of the Justice of the Peace of Supervisor's District No. 5 therein, and one of the grounds of the said demurrer is that "the affidavit charges no crime known to the State of Mississippi." The stipulation on which the case was decided by the circuit judge, without the intervention of a jury, states that "The State and defendant agree that the demurrer and motion to quash filed by the defendant shall put in issue all questions pertaining to the validity of the crime charged in the amended affidavit under Chapter 171 of the Laws of 1934, * * * and House Bill No. 95 of the Laws of 1958 of the State of Mississippi."

In the case of May v. State, 209 Miss. 579, 47 So. 2d 887, this Court held that it is the constitutional right of an accused to be informed of the nature and cause of the accusation against him, and to a plain statement thereof; that an affidavit charging an offense must set forth the essential elements of the offense, and, if the facts alleged therein do not constitute such an offense within the law on which the accusation is based, or if the facts alleged may be all true and yet constitute no offense, the affidavit is insufficient.

In brief, a majority of the judges conclude, and the Court holds, that the local option statutes, Miss. Laws 1934, Chapter 171, and the 1958 act are so closely related that a valid affidavit charging an offense under subsection (b) of the 1958 act must charge, among other

averments, that the defendant had possession of the beer in violation of the provisions of Chapter 279, Miss. Laws 1958. Otherwise the accused is not informed by the affidavit of an essential element of the offense. Four judges are of the opinion that the affidavit was sufficient. Their views will be expressed in a separate opinion.

However, a majority of the judges, being Judges Roberds, Lee, Kyle, Ethridge, and Gillespie, are of the opinion, and the Court holds, that Chapter 279, Miss. Laws 1958, is constitutionally valid and enforceable under a proper affidavit. Subsection (b) of the 1958 act was manifestly designed to comply with the requirements stated in Russell v. State, *supra,* as follows: "It should be noted that we are not dealing here with a statute in which the Legislature has made unlawful the possession of beer in counties which have heretofore prohibited, or may hereafter prohibit by local option the transportation, etc. of such beverage."

Subsection (b) expressly makes it unlawful to possess the named beverages in any county which has at any time since 1934 elected to prohibit their transportation, storage, sale, etc. Clearly Copiah County is within that category. The legislature has plenary power, within constitutional limitations, to regulate traffic in beer, wine, and intoxicating liquors in general. It has constitutionally exercised that power in the 1958 act. 48 C. J. S., Intoxicating Liquors, Sec. 33. Apparently the legislature concluded that a county which has elected to prohibit the transportation, storage, sale, etc., of beer cannot properly control such traffic where possession for personal consumption is permissible. Hence subsection (b) of the 1958 act makes it unlawful to possess such beverages where a county has elected to prohibit transportation, storage, sale, etc. The established rule in this respect is summarized in 48 C. J. S., Intoxicating Liquors, Sec. 59, pp. 197-198; "The power to

legislate for the efficient enforcement of local option laws is not taken away from the legislature after the adoption of local option, and, if new offenses grow out of the violation of this law that cannot be covered by the law already in existence, the legislature may pass such additional laws as are necessary to meet the situation.''

On the other hand, a minority, four, of the judges are of the opinion that we do not reach the constitutional issue in view of the Court's decision that the affidavit is invalid.

 █ In summary, the Court holds that Miss. Laws 1958, Chapter 279 is constitutional and valid, and states an enforceable and definite offense. However, the affidavit is insufficient to charge an offense under the 1958 act, so appellant's conviction must be reversed. Since the affidavit is amendable, the cause is remanded for further proceedings consistent with this opinion.

To clarify the view of the five judges who think that the affidavit as written fails to charge an offense against the accused, the five judges agree that it was not necessary to designate the particular statute claimed to have been violated but that the affidavit in the instant case affirmatively and expressly states in effect that the accused had beer in his possession illegally as a result of an election held on October 6, 1937, whereas the result of that election did not render possession of beer unlawful.

Reversed and remanded.

## CONCURRING IN PART AND DISSENTING IN PART

ETHRIDGE, J.

I concur in the decision of the controlling opinion that Chapter 279, Miss. Laws 1958 is constitutional and creates an offense which is definite and enforceable.

However, I cannot agree that the affidavit is insufficient to charge a crime under the 1958 statute. It is well established that an affidavit or indictment does not have to refer specifically to the statute creating the crime. It is read into the charge, provided the latter specifically sets forth the essential elements of the offense. The affidavit in question does that, in my opinion. It charges that appellant wilfully and unlawfully had in his possession beer and the same was prohibited by law in Copiah County, as a result of the 1937 election therein, "contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Mississippi."

The offense is the unlawful possession of beer, in a county which, since 1934, has by a local option election prohibited the transportation, storage, sale, etc., thereof. The possession is prohibited by the 1958 act, not by the election. Essential elements of the offense are (1) wilful possession of the prohibited beverages, (2) in a county which since February 26, 1934 has by a local option election prohibited the transportation, storage, sale, etc., of such beverages. The affidavit clearly charges both of those essential elements, and then concludes that such possession was contrary to the statute "in such case made and provided." The effect of the controlling opinion as to the necessary form of the affidavit is to require the affidavit to specifically cite the 1958 statute. This is the only instance which I know of in which this Court has ever held that an affidavit or indictment must cite the pertinent statute, where the instrument otherwise sets forth the essential elements of the crime.

*Lee, Kyle,* and *Gillespie, JJ.,* join in this opinion.