BROWN *v.* STATE.

No. 41943    October 16, 1961    133 So. 2d 529

*Boydstun & Boydstun,* Louisville, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

Appellant was convicted and sentenced on an affidavit reading as follows:

"STATE OF MISSISSIPPI
"WINSTON COUNTY

"Before me, W. C. Wood a Justice of the Peace of the County aforesaid, Ralph Rhodes makes oath that on or about the 23rd day of July 1960 in the First Justice district, Winston County and said State, Willie Brown did wilfully and unlawfully have 1½ gals of Homebrewed Beer in his possession and under his control, the transportation, storage, sale, distribution, receipts, and/or manufacture of beer having been heretofore prohibited by order of Board of Supervisors of Winston County, pursuant to a lawful election, such order appearing of record in Board of Supervisors Minute Book 17, page 194 thereof, against the peace and dignity of the State of Mississippi.

Ralph Rhodes, Affiant

"Sworn to and subscribed before me this 25th day of July, 1960.

W. C. Wood, Justice of
the Peace
District One"

It will be noted that this affidavit is not as strong as the affidavit in Kelly v. State, 237 Miss. 112, 113 So. 2d 540. In the Kelly case, the affidavit was held insufficient.

Chapter 279, Laws of 1958, in the instances there stated, declares unlawful possession of "beer" or "wine" without further definition. The affidavit charged the defendant with possession of "Homebrewed Beer." While it is not necessary to say whether this term, as

so used, was fatal, it would have been much better had it been followed by some descriptive term such as "beer, a malt beverage."

■■■ ■ The real fatality, however, results from the failure to allege that the possession was in violation of Chapter 279, Laws of 1958, Kelly v. State, supra.

The affidavit could have provided that the possession was "in violation of Chapter 279, Laws of 1958, inasmuch as Winston County, Mississippi, elected, since February 26, 1934, to prohibit the transportation, storage, sale, distribution, receipt and/or manufacture of wine or beer of an alcoholic content of not more than four percent by weight, as shown by Minute Book _____, Page _____, of the minutes of the Board of Supervisors of said County and State, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Mississippi."

The affidavit is insufficient to support the conviction but since it is amendable, the case is remanded.

Reversed and remanded.

*Lee, P.J.,* and *Gillespie, McElroy,* and *Rodgers, JJ.,* concur.