INZER, Justice:
Appellant, Horace Wortham, was indicted, tried and convicted in the Circuit Court of Lafayette County on a charge of unlawful sale of intoxicating liquor. He was sentenced to pay a fine of $800 and to serve a term of six months in the county jail. Hence, this appeal.
The controlling question in this case is whether the indictment as returned by the grand jury could be amended to conform with the proof and thereby charge appellant with a violation of the Local Option Alcoholic Beverage Control Law. We hold that it could not.
The indictment charged that the appellant “did on the 8th day of March 1968 wilfully and unlawfully sell intoxicating liquors contrary to the form of the statute.” Appellant moved to quash the indictment for the reason that the voters of Lafayette County had voted on August 13, 1966, to take the county out from under the prohibition laws of the state and that the sale of intoxicating liquors was not unlawful in Lafayette County. This motion was overruled.
The evidence on behalf of the state established that one Roosevelt Owens, Jr., a minor, went to the home of appellant in *924 Lafayette County and purchased two pints of “white corn whiskey” for which he paid the sum of $4.50. After the state had rested, it was allowed, over the objection of the appellant, to re-open. and put on proof which established that Lafayette County had held an election in which the voters of the county had voted to come out from under the prohibition laws. The state then proved that the place that appellant sold the whiskey was not in any incorpo-' rated municipality, in any authorized resort area, or in a club where the sale of alcoholic beverages was permitted.
The state then made the following motion:
Your Honor, we would like on behalf of the State of Mississippi to move .to amend this indictment to strike the body thereof, beginning with the word “that”, and insert in lieu thereof the following: “That on the 13th day of August, 1966, a valid election was held for the purpose, under the Election Laws of the State of Mississippi, in Lafayette County, Mississippi, under the provisions of Section 10265-01 through Section 10265^-0 of the Mississippi Code of 1942, Annotated, Recompiled and Amended, at which election said County, by a majority vote of the duly qualified electors voting in the election, determined that the sale, distribution and possession of alcoholic beverages be permitted in Lafayette County, Mississippi, as provided for in House Bill 112 enacted at the Regular 1966 Session of the Legislature and approved by the Governor on May 21, 1966, and that thereafter on the 7th day of March, 1968, in said County and State, and within the jurisdiction of this Court, Horace Wortham did unlawfully sell intoxicating liquor outside the following described areas, to-wit: (a) Any incorporated municipality located within Lafayette County, Mississippi; (b) Outside any qualified resort area within Lafayette County, Mississippi, as approved by the Mississippi State Tax Commission; (c) Outside any club as defined or provided for in Sections 10265-01 through Section 10265^10 of the Mississippi Code of 1942, Annotated, Recompiled as Amended, within said Lafayette County, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State of Mississippi.
Appellant objected to the amendment on the ground that it was an attempt to supply essential elements of the crime charged and was not merely an amendment to make the indictment conform to the proof or correct a formal defect. The trial court overruled the objection and sustained the motion to amend and the indictment was amended in accordance with the motion.
The indictment as amended appears to properly charge appellant with a violation of Section 10265-04, Mississippi Code 1942 Annotated (Supp.1966). Appellant urges that the trial court was in error in failing to sustain his motion to quash the indictment and that it was error to allow the state to amend the indictment to supply essential elements of the crime charged.
The original indictment is the usual form used to charge an offense in those counties which have not voted to come out from under the prohibition laws, however, it was not sufficient to properly charge the unlawful sale of intoxicating liquor in a county which had voted to come out from under the prohibition law. The Local Option Alcoholic Beverage Control Act was enacted in 1966 and Section 10265-04, supra, provides:
Subject to all of the provisions and restrictions herein contained, the manufacture, sale, distribution, possession and transportation of alcoholic beverages, as defined herein, shall he lawful in those counties of this State in which, at a local option election called and held for that purpose under the provisions hereof, a majority of the qualified electors voting in such election shall vote in favor thereof, but the manufacture, sale and distribution of such alcoholic beverages *925 shall not be permissible or lawful in such counties except in (a) incorporated municipalities located within such counties, (b) qualified resort areas within such counties approved as such by the State Tax Commission or (c) clubs, as hereinafter defined, within such-..counties, whether within a municipality dr -not. (Emphasis added)
This section makes the sale of intoxicating liquors lawful in counties voting in favor of the option to come out from under the prohibition laws, subject to the restrictions and provisions of the Act. This same section makes it illegal to sell alcoholic beverages in any place in the county except in an incorporated municipality, qualified resort or club. There are other sections of the act which make it a violation of the law to sell intoxicating liquor under certain conditions. Section 10265-31 makes it unlawful to sell alcoholic beverages to a person under the age of twenty-one years and Section 10265-32 makes it unlawful to sell alcoholic beverages to certain persons such as mentally defective, visually intoxicated or known to habitually drink intoxicating liquor to an excess. It is also a violation of the act to sell alcoholic beverages without first securing a permit from the State Tax Commission to do so. It is further violation of the act to sell intoxicating beverages not purchased from the State Tax Commission. Therefore it is impossible to determine from the original indictment which of the statutes the defendant-appellant was charged with violating, if any.
The provisions of the general prohibition laws have been suspended in Lafayette County and the sale of intoxicating liquor is legal. In order to charge an unlawful sale the indictment or affidavit must charge that the local option law is in effect in that county, when such is the case, and sufficient facts to show a violation of one of the provisions of the act. The amendment in this case supplied the essential elements that were absent from the original indictment, namely that the local option law was in effect and the sale was made outside a municipality, not in a resort area or a club. We have held in a number of cases that the Court is without power to amend an indictment to supply an essential element in the crime sought to be charged. In Love v. State, 211 Miss. 606, 52 So.2d 470 (1951), we quoted with approval 27 Am.Jur., Indictments and Information, § 54 (1940), which states:
It is the constitutional right of the accused, under the organic law of the nation and of the several states, “to be informed of the nature and cause of the accusation” against him, and under these provisions, the accused is entitled to a plain statement of the charge against him. It is fundamental, of course, that an indictment, to be effective as such must set forth the constituent elements of a criminal offense; if the facts alleged do not constitute such an offense within the terms and meaning of the law or laws on which the accusation is based, or if the facts alleged may all be true and yet constitute no offense, the indictment is insufficient. * * * Every material fact and essential ingredient of the offense — every essential element of the offense — must be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must be stated in the indictment. (211 Miss, at 610, 611, 52 So.2d at 471, 472)
In May v. State, 209 Miss. 579, 47 So.2d 887 (1950), May was charged in an affidavit with “unlawfully and wilfully sell-ting] intoxicating beverages, to-wit, beer, contrary to the form of the statute in such cases made and provided;” and on appeal to this Court we held that the affidavit was insufficient to charge the crime and in that connection said:
Chapter 171 of the Laws of 1934, as amended by Chapter 224 of the Laws of 1942, Section 10207, et seq., Code of 1942, legalizes the sale of beer of an aleo- *926 holic content not exceeding four per cent by weight, unless, as the result of an election duly and lawfully held for such purpose, the sale of beer is not permitted in the county in which the sale is alleged to have been made. The appellant may have sold beer of an alcoholic content not exceeding four per cent by weight, and yet he was guilty of no offense unless, as a result of an election duly and lawfully held for such purpose, the sale of beer was not permitted in the county alleged. Therefore, the facts alleged in the affidavit may all be true, and yet the appellant be guilty of no offense. It was essential to the sufficiency of the affidavit that it allege not only the sale of beer, but that as a result of an election duly and lawfully held for such purpose, beer was not permitted to be sold in the county in which the sale occurred. It is true that the proof shows that such an election had been lawfully held in Jefferson Davis County, and that as a result thereof the sale of beer was not permitted in said County, but it was necessary that the affidavit allege this essential element of the offense, and the failure of the affidavit so to do constitutes an omission of an essential element of the offense and renders the affidavit insufficient to support the conviction. This Court held in Loughridge et al. v. State, 3 So. 667, that an affidavit for violation of a local option law will not support a conviction where it fails to charge that a local option act was in effect in the county where the offense was committed, although the evidence shows the law to have been in operation in such county. (20i9 Miss, at S8S, 47 So.2d at 888.) (Emphasis added)
Here we have the reverse of the situation that existed relative to the beer law. The legislature provided by the terms of the Local Option Alcoholic Beverage Control Law that a county could vote to come out from under the general law prohibiting the possession or sale or distribution of intoxicating liquor. Lafayette County voted to do so. When it did the general prohibition laws were suspended in the county and no longer applied to it. The sale of intoxicating liquor in the county is controlled entirely by the provisions of the Local Option Alcoholic Beverage Control Law. Thus in order to properly charge a person with a violation of the Local Option Alcoholic Beverage Control Law, the affidavit or indictment must charge that the law is in effect in that county. The indictment returned by the grand jury failed to do so in this case. It charged a violation of the general prohibition law which no longer applied in Lafayette County. When the State introduced proof to show that the Local Option Law applied in that county, the indictment upon which appellant was being tried would not support a conviction. The court was without power to amend the indictment which charged a violation of the general prohibition law to charge a violation of the Local Option Alcoholic Beverage Control Law.
We hold that in order to charge a violation of the Local Option Alcoholic Beverage Control Law the indictment, or affidavit, must charge that the act is in effect in that county and in addition thereto must charge sufficient facts to show wherein the person charged violated a provision of the Act.
The conclusion we have reached disposes of this case on appeal, but we deem it appropriate to point out that we did not reach the question relative to the jurisdiction of the circuit court for the reason that there is nothing in the record to show that any charge was ever made against appellant for the offense in the Justice of the Peace Court of the First Judicial District of Lafayette County. Appellant attempts to raise this question by including in the brief filed by his counsel a photostatic copy of an affidavit alleged to have been filed in the justice of the peace court. We have always adhered to the rule that we will not consider anything on appeal except what is in the record made in the trial court. We will not go outside the record to find facts *927 and will not consider a statement of facts attempted to be supplied by counsel in briefs. The rule is so well settled that it is unnecessary to cite authority to support it, but in spite of this we still get many cases where counsel seek to have us notice facts not in the record. This amounts to an exercise in futility and is a waste of time and effort. It should not be done.
For the reasons stated the conviction in this case is reversed and the appellant discharged without prejudice to the right of the state to bring against the appellant a charge founded on proper affidavit or indictment.
Reversed and appellant discharged.
ETHRIDGE, C. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.