SMITH, Justice:
Paul Price was convicted in the Circuit Court of Lee County on a charge of possessing whisky for the purpose of sale. He was sentenced to pay a fine and to a term of imprisonment. He appeals from that conviction and sentence.
The indictment returned against appellant by the Lee County grand jury charged that, on May 24, 1968, he “did violate House Bill 112 of the laws of the State of Mississippi Section 18 paragraph (a) to wit; by unlawfully and wilfully storing alcoholic beverages, to wit 26 bottles of bourbon, 4 bottles of Segram [sic] gin without authority of law.”
Prior to the date of appellant’s alleged offense, the qualified electors of Lee County, voting in an election called and held for the purpose, had approved the sale, distribution and possession of alcoholic beverages in that county as provided by House Bill 112, enacted by the Mississippi Legislature at its regular session in 1966.
An objection was made to the sufficiency of the indictment. Thereupon, the prosecution, apparently recognizing the omission of several essential elements of the offense sought to be charged, asked and was granted leave to amend by striking out the entire charging part of the indictment, as returned by the grand jury, and by substituting in lieu thereof the following:
After a valid election was held on the 16th day of August, 1966, by which election Lee County, Mississippi, voted out from under the prohibition law and at a time when a permit from the State of Mississippi was required in order for any person to manufacture, distill, brew, sell, possess, export, transport, distribute, warehouse, store, solicit, take orders for, bottle, rectify, blend, treat, mix or process any alcoholic beverage, said Paul Price did wilfully and unlawfully store for purpose of sale at the Plowboy Club alcoholic beverage, to-wit: whiskey, said Paul Price not having a license or permit from the State of Mississippi to store such alcoholic beverage;
Appellant assigns as error, requiring reversal, the granting of this arhendment.
*859 A similar question arose and was decided in Wortham v. State, 219 So.2d 923 (Miss.1969).
This case is indistinguishable in any material particular from Wortham. For the reasons set forth at length in Wortham, the case must be reversed and the appellant discharged. Since the evidence in the record would be sufficient to create an issue of fact for the determination of a jury on the question of appellant’s guilt or innocence upon an affidavit or indictment properly charging the offense under House Bill 112, the action of this Court in reversing and in discharging the appellant shall he without prejudice to the right of the State of Mississippi to proceed against appellant upon an affidavit or indictment properly preferring the charge.
Reversed and appellant discharged.
ETHRIDGE, C. J., and RODGERS, BRADY and PATTERSON, JJ., concur.