INZER, Justice:
The question to be decided in this case is whether it is essential that an affidavit or indictment for a violation of the Local Option Alcoholic Beverage Control Law aver facts showing that the offense was committed in a county or locality where such law was in effect. We hold that it is essential.
Appellant J. T. Benward was convicted in the County Court of Jackson County for the sale of one-half pint of whiskey in violation of the Local Option Alcoholic Beverage Control Law. He was sentenced to pay a fine of $250 and to serve three months in the county jail. The jail sentence was suspended on good behavior. On appeal to the circuit court the conviction was affirmed, hence, this appeal.
The affidavit upon which appellant was tried and convicted reads as follows:
Before me the undersigned authority, a County Judge of said County Robert E. Hollingsworth makes oath that the ABC J. T. Benward while a permitlee (sic) of whose address is: 1905 Bien ville Blvd., Ocean Springs, Mississippi, on or about the 7th day of July, 1973, in Jackson County, did unlawfully and wil-fully sell intoxicating liquor after 10:00 P. M., to-wit: % pint of Old Grand-Dad Whiskey to Bob Thomas from the Twilight Cafe in Ocean Springs, Mississippi, at 10:35 P. M. for $3.00 in violation of 10265 — 32(c), Mississippi Code 1942, recompiled, against the peace and dignity of the State of Mississippi.
Appellant filed a motion to quash the affidavit alleging among other things that *95 the affidavit was defective because it did not charge that the Local Option Alcoholic Beverage Control Act was in effect in Jackson County. This motion was overruled. Upon appeal to the circuit court the action of the trial court was affirmed.
It is well settled by our cases and by the general law that an indictment or affidavit for a violation of a local option law must clearly aver facts showing that the offense was committed in a county or locality where such law was in effect. 48 C.J.S. Intoxicating Liquors § 316 (1947).
In Wortham v. State, 219 So.2d 923 (Miss.1969), we specifically held that in order to charge a violation of the Local Option Alcoholic Beverage Control Law the indictment or affidavit must charge that the act was in effect in the county where the offense is alleged to have been committed and that such charge was an essential element of the offense charged. In so holding we stated:
We hold that in order to charge a violation of the Local Option Alcoholic Beverage Control Law the indictment, or affidavit, must charge that the act is in effect in that county and in addition thereto must charge sufficient facts to show wherein the person charged violated a provision of the Act.
(219 So.2d at 926).
This holding was reaffirmed and followed in Price v. State, 227 So.2d 858 (Miss. 1969).
It is apparent that the affidavit in this case failed to allege facts showing that the Local Option Alcoholic Beverage Control Law was in effect in Jackson County, and, consequently, it failed to charge an essential element of the offense. The trial court was in error in overruling the motion to quash the affidavit, and, likewise, the circuit court was in error in affirming the action of the trial court.
For the reasons stated the conviction in this case must be and is reversed and appellant discharged without prejudice to the right of the state to bring a charge against appellant founded on a proper affidavit or indictment.
Reversed and appellant discharged.
RODGERS, P. J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.