MAXWELL, J.,
for the Court:
¶ 1. Currie Glen Davis was convicted of “possession of beer.” But in Mississippi, possession of beer, in and of itself, is not a crime. What is a crime is possession of beer in a “dry” county — any county that has elected to prohibit the transportation, storage, sale, distribution, receipt, or manufacture of beer.[1] And the State asserts it is this crime for which Davis stands convicted.
¶ 2. But the crime of possession of beer in a dry county has two essential elements — (1) the possession of beer (2) in a county that has elected to prohibit beer.[2] And missing from the evidence presented at trial and the jury instructions is any *967 mention of the second essential element— that Covington County has elected to prohibit the sale of and, consequently, possession of beer. Thus, Davis’s conviction cannot stand because the State failed to prove and instruct the jury on a necessary element of the crime — that the beer possession occurred in a county that has elected to be dry.
¶ 3. Because of these fatal errors, we must reverse and render Davis’s conviction.
Background
¶ 4. On New Year’s Eve 2009, Davis was stopped at a Mississippi Highway Department safety checkpoint on Highway 589 in Covington County. Suspecting Davis of drinking, the state trooper asked Davis to step out of the car. It was then that the trooper noticed “beer in [Davis’s] truck.” Davis was issued two traffic tickets — one for driving under the influence (DUI) and the other for “possession of beer.”
¶ 5. The Covington County Justice Court found Davis guilty of both and fined him $718 for his “conviction of DUI, first offense,” and $266 for his “conviction of possession of beer.” Davis appealed to the Covington County Circuit Court, which tried both charges de novo.
¶ 6. The jury found Davis not guilty of DUI but “guilty of possession of beer.” On the beer-possession charge, the circuit judge sentenced Davis to forty-five days in the county jail,[3] but stated:
On the record. There’s a question in this court’s mind as to whether or not this is, in fact, a dry county. And the only way that question can be answered is by the State Supreme Court.
.Now, I don’t know if that is going to be one of your issues on JNOV or not, but I’m going to sentence the defendant to serve a term of 45 days in the county jail. There will be no fine, and I will allow him to remain out on bond ... pending an appeal, $1,000 bond.
And if the Supreme Court rules this is not a dry county, the case will be moot anyway, and he won’t have to pay a fine or serve any time.
After the circuit court denied Davis’s motion for a judgment notwithstanding the verdict, Davis timely appealed to this court.
Discussion

I. Missing Essential Element

¶7. In Mississippi, possession of beer is legal, “unless, as the result of an election duly and lawfully held for such purpose, the sale of beer is not permitted in the county” where the possession occurred. May v. State, 209 Miss. 579, 585, 47 So.2d 887, 888 (1950) (citing an earlier version of section 67-3-18). See Miss.Code Ann. § 67-3-13(1) (Supp.2013); Dantzler v. State, 542 So.2d 906, 909 (Miss.1989) (interpreting section 67-8-13, as amended in 1958, as clearly making possession of beer illegal “in any county which has at any time since February 26, 1934, elected” to prohibit the sale of beer). So even if Davis possessed beer, as the traffic citation charged, “he was guilty of no offense unless, as a result of an election duly and lawfully held for such purpose, the sale of beer was not permitted in the county alleged.” May, 209 Miss. at 585, 47 So.2d at 888.
¶ 8. In May, a case that dealt with the sale of beer in a dry county, the Mississippi Supreme Court held that “[i]t was es *968 sential to the sufficiency of the affidavit that it allege not only the sale of beer, but that as a result of an election duly and lawfully held for such purpose, beer was not permitted to be sold in the county in which the sale occurred.” Id. So, according to May, a violation of section 67-3-13(1) has two essential elements — (1) the transportation, storage, sale, distribution, receipt, manufacture, and/or possession of beer or light wine (2) in a county where the transportation, storage, sale, distribution, receipt, manufacture, and/or possession of beer or light wine is illegal as a result of a local election to prohibit the sale of beer or light wine. See Miss.Code Ann. § 67-3-13(1).
¶ 9. The affidavit in May charged the defendant with selling beer but failed to allege that the county where the beer had been sold had duly elected to make the sale of beer illegal. The supreme court acknowledged “that the proof shows that such an election had been lawfully held in Jefferson Davis County, and that as a result thereof the sale of beer was not permitted in said County[.]” May, 209 Miss. at 585, 47 So.2d at 888. Still, the supreme court reversed the conviction because the affidavit was “insufficient to support a conviction” because it omitted “an essential element of the offense.” Id. Since 1950, May has been repeatedly cited by the supreme court for the principle that an indictment for a statutory offense is void if it does not charge all essential elements of the statutory crime. See, e.g., Thomas v. State, 126 So.3d 877, 879 (¶7) (Miss.2013).
¶ 10. While Davis has not challenged the sufficiency of the charging document, it has not escaped our notice that the traffic ticket merely cited Davis for “possession of beer.” Like May, the ticket omitted the essential element that Coving-ton County had duly and lawfully held an election for the purpose of prohibiting the sale beer and that, as a result of the election, the sale or possession of beer was prohibited in Covington County. See May, 209 Miss. at 585, 47 So.2d at 888; see also Wortham v. State, 219 So.2d 923, 925-26 (Miss.1969) (holding that to properly indict someone for an alcohol-related crime, which is only made a crime by the enactment of a local-option law, the indictment must charge that the local option is in effect).
¶ 11. What Davis does challenge is the sufficiency of the evidence, which contains the same fatal omission as the charging document. Unlike May — in which the supreme court acknowledged there had been proof that the county where the beer sale occurred had elected to be dry — the State presented no evidence at Davis’s trial that Covington County had lawfully held an election that resulted in prohibiting the sale or possession of beer in that county. So the evidence was insufficient to support the conviction of possession of beer in a dry county. Therefore, Davis’s motion for a judgment of acquittal notwithstanding the verdict should have been granted. See Williams v. State, 797 So.2d 372, 375 (¶ 8) (Miss.Ct.App.2001) (“A finding that the evidence is insufficient results in a discharge of the defendant.”).
¶ 12. We also emphasize that the jury was improperly instructed that it could find Davis guilty by merely finding he possessed beer in Covington County. The jury was not instructed on the essential element that Covington County must have prohibited the possession of beer, based on a duly held election to prohibit the sale of beer. And our supreme court has recently been adamant that failure to instruct the jury on every essential element of the offense is plain, reversible error. See Harrell v. State, 134 So.3d 266, 275 (¶ 30) (Miss.2014).

*969
II. No Judicial Notice

¶ 13. The State suggests we are empowered to cure these errors by simply taking judicial notice that Covington County is, in fact, dry.[4] The State relies on State v. Bertrand, 72 Miss. 516, 517, 17 So. 235, 235-36 (1895), in which the supreme court took judicial notice that Perry County had held a local-option election to prohibit liquor. But back in the nineteenth century when Bertrand was handed down, the supreme court was statutorily required to take judicial notice that Perry County was dry. Unlike the present statute, the criminal statute the court was applying in 1895 directed that, “in all prosecutions for selling ... liquors, ... the court shall take judicial notice of whether or not licenses to sell can be lawfully granted in the county, and of the result of local option elections.” Id. at 236 n. 1 (quoting Miss.Code § 1621) (emphasis added).
¶ 14. In contrast, Mississippi Code Annotated section 67-3-13 contains no such directive. And we are not inclined to take judicial notice on our own, given that the circuit judge expressed on the record his uncertainty “as to whether or not [Coving-ton] is, in fact, a dry county.”
¶ 15. Besides, our taking judicial notice of Covington County’s dry status would only cure the deficiency of evidence regarding this essential element of the crime. It would not render harmless the failure to instruct the jury on all essential elements of the crime. See Harrell, 134 So.3d at 275 (¶ 30) (holding that there is “always and in every case reversible error” if an element of a charged criminal offense is omitted from a jury instruction).
¶ 16. Because of these fatal defects, we must reverse Davis’s conviction for “possession of beer” and render a judgment of acquittal in his favor.
¶ 17. THE JUDGMENT OF THE COVINGTON COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COVING-TON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. Miss.Code Ann. § 67-3-13(1) (Supp.2013). Possession of beer by a person under the age of twenty-one is also a crime. Miss.Code Ann. § 67-3-70(1) (Rev.2012). But Davis was more than double the age of majority when he was cited for "possession of beer."

. May v. State, 209 Miss. 579, 585, 47 So.2d 887, 888 (1950).

. See Miss.Code Ann. § 67-3-13(1) (providing for maximum penalty of ninety days’ imprisonment and $500 fine).

. The State cites as proof of the county’s dry status Day v. Board of Supervisors of Covington County, 184 Miss. 611, 185 So. 251 (1939), an opinion which upheld the validity of Covington County's election to prohibit the sale of beer in 1937.