IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CA-00414-SCT

**BRENDA VORTICE, ADMINISTRATRIX OF THE
ESTATE OF HENRY VORTICE, SR., AND HENRY
EARL VORTICE, JR., JERIMIAH VORTICE
POLLARD AND JERRIKA VORTICE, MINORS**

**v.**

**KIRK FORDICE, GOVERNOR; JIM INGRAM,
COMMISSIONER OF DEPARTMENT OF PUBLIC
SAFETY; AND JIMMY STRINGER, DIRECTOR OF
DEPARTMENT OF PUBLIC SAFETY**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/97 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | AZKI SHAH |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JIM FRAISER |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 5/14/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/4/98 |

**BEFORE PRATHER, C.J. , ROBERTS AND MILLS , JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE AND FACTS**

¶1. In September 1995, Henry Vortice, a highway patrolman, was questioned by officials at the Highway Patrol headquarters in Jackson, Mississippi, regarding his alleged participation in armed robbery as well as illegal distribution of drugs. Vortice was also asked to resign from the highway patrol. During the interrogation Vortice agreed that he would wear a "wire" to help the officials obtain evidence against an accomplice. Vortice committed suicide shortly after making the requested tape.

¶2. On September 26, 1996, Vortice's wife and administratrix of his estate, Brenda Vortice, instituted a wrongful death action against the Mississippi Department of Public Safety claiming that the

Department should have known about Vortice's suicidal tendencies and should have kept him in protective custody. The Plaintiff failed to furnish written notice to the Defendant ninety days prior to filing suit as required by statute. The Department filed a motion to dismiss Mrs. Vortice's suit for failure to comply with the notice requirements of the Tort Claims Act, Mississippi Code Annotated § 11-46-11. The Circuit Court of Cohoma County granted the motion to dismiss. Aggrieved, Mrs. Vortice appeals assigning the following issue as error:

## I. WHETHER MISSISSIPPI CODE ANNOTATED § 11-46-11 VIOLATES THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION?

## ARGUMENT

¶3. Vortice claims that the notice provision of the Tort Claims Act , Miss. Code Ann. § 11-46-11 (Supp. 1997), violates the Equal Protection Clause of the Constitution because it requires a person to give ninety days notice to the head of a government entity before suing that entity whereas this type of notice is not required when suing an individual. She therefore asserts that the Tort Claims Act discriminates against individuals.

## ANALYSIS

¶4. We will apply the rational relation test when reviewing Constitutional issues unless a fundamental right or suspect class is involved. *Wells v. Panola County Bd. of Educ.*, 645 So.2d 883, 893 (Miss. 1994). There is no fundamental right to bring suit against the state of Mississippi or a political subdivision of Mississippi, *Wells*, 645 So.2d at 893, nor is Mrs. Vortice a member of a suspect class. Thus, the applicable standard of review is the rational relation test. This means that the state must show that the ninety day mandatory notice required by Miss. Code Ann. § 11-46-11 is rationally related to a proper legislative purpose.

¶5. In *Wells*, we held that an Accident Contingent Fund was Constitutional because the legislature was attempting to conserve scarce financial resources of the school systems. *Wells*, 645 So.2d at 894. Similarly, in the case *sub judice*, the legislature has an interest in conserving state funds. By enactment of the Mississippi Tort Claims Act, the legislature elected to waive sovereign immunity. However, this waiver was qualified by specifying certain procedural requirements which must be met before an action was filed. *City of Jackson v. Lumpkin*, 697 So.2d 1179 (Miss. 1997). As we noted in *Lumpkin,* there are many valid reasons underscoring the legislative requirement of notice to a governmental entity prior to filing suit. *Id.* at 1181. Notice provisions encourage settlement of claims prior to entering litigation, therefore conserving valuable governmental resources. Further, notice to the governmental entity encourages corrective actions, where necessary, prior to litigation, therefore benefitting public health and welfare. Although the Tort Claims Act waives sovereign immunity to a certain extent, it is still concerned with conserving government funds and protecting the public health and welfare at the earliest possible moment. Since these reasons serve a valid state purpose, the Tort Claims Act, including the notice provision, meets the rational basis test, and is therefore, Constitutional.

## CONCLUSION

¶6. We find that the Torts Claim Act does not violate the Equal Protection Clause of the Constitution

and we therefore affirm the lower court dismissal of this action.

¶7. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**