IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-CP-01412-SCT

*ROBERT F. WHEELER*

*v.*

*JEFFERSON B. STEWART*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/21/1999 |
| TRIAL JUDGE: | HON. RICHARD W. McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | JERRY A. EVANS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 02/22/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/15/2001 |

**BEFORE BANKS, P.J., SMITH AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This is an appeal from the judgment of the Forrest County Circuit Court granting a motion for summary judgment and awarding $1000 in attorney's fees to Hattiesburg municipal judge Jefferson B. Stewart. Robert F. Wheeler had sued Judge Stewart in his individual capacity, alleging that Judge Stewart had entered an unlawful order and acted outside the jurisdiction of the Hattiesburg Municipal Court. Appearing pro se, Wheeler demanded both money damages and that his conviction be expunged from the court records.

¶2. Judge Stewart defended on the basis of his immunity from lawsuits founded upon his official acts, asking the court to dismiss Wheeler's complaint. Subsequently, Stewart moved for summary judgment, which the trial judge granted after oral argument and submission of briefs.

¶3. In considering whether Judge Stewart should be awarded attorney's fees, pursuant to the Litigation Accountability Act, Miss. Code Ann. §§ 11-55-1 to -15 (Supp. 2000), the trial court noted that Judge Stewart's attorney wrote to Wheeler, quoted cases from the United States and the Mississippi Supreme Courts relating to absolute judicial immunity for judicial acts, implored Wheeler to seek legal counsel, and advised him if the complaint was not dismissed, an award of attorney's fees would be sought. Judge Stewart's attorney also filed a request for fees, wherein he stated under oath that his efforts preparing an answer, drafting the motion for summary judgment and brief, and conducting the oral argument had required 17.3 hours, and that a reasonable charge was $100 per hour. The circuit court judge, noting "appropriate judicial restraint," awarded attorney's fees in the amount of $1000 to Judge Stewart.

¶4. Aggrieved by the judgment of the Forrest County Circuit Court, Wheeler timely appealed to this Court, raising ten issues which are rephrased and combined as follows:

**I. DOES SECTION 21-23-7 OF THE MISSISSIPPI CODE ANNOTATED OF 1972 ENABLE A MUNICIPAL JUDGE TO RENDER A BINDING DECISION BASED ON THE NOTICE TO APPEAR PROVIDED BY A UNIFORM TRAFFIC TICKET?**

**II. DOES THE FAILURE OF A MUNICIPAL COURT TO JUDICIALLY ORDER THE DEFENDANT TO APPEAR AND ANSWER THE CHARGE OR TO HAVE THE DEFENDANT ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER THE CHARGE VIOLATE THE DEFENDANT'S "DUE PROCESS" RIGHTS?**

**III. DOES A MUNICIPAL JUDGE HAVE JURISDICTION OVER THE PERSON OF THE DEFENDANT TO HEAR A CRIMINAL CHARGE WHEN THE COURT HAS NOT SENT A JUDICIAL WRIT OF ANY KIND ORDERING THE ACCUSED TO APPEAR AND ANSWER THE CHARGE, NOR HAS THE DEFENDANT BEEN ARRESTED OR BROUGHT BEFORE THE COURT?**

**IV. DOES A MUNICIPAL JUDGE HAVE JUDICIAL IMMUNITY IF HE HEARS A CHARGE AND ISSUES A JUDGMENT, IN ABSENTIA, AGAINST A DEFENDANT OVER WHOM HE HAS NOT OBTAINED IN PERSONAM JURISDICTION BECAUSE HE HAS NOT ISSUED, AND THE ABSENT DEFENDANT HAS NOT RECEIVED, JUDICIAL NOTICE OF ANY KIND?**

**V. DOES A POLICE OFFICER HAVE AUTHORITY TO PROVIDE NOTICE TO APPEAR VIA A UNIFORM TRAFFIC TICKET?**

**VI. DOES THE LITIGATION ACCOUNTABILITY ACT ENABLE A PARTY TO RECOVER ATTORNEY FEES AGAINST A PRO SE LITIGANT OPPOSITE?**

Finding no error in the circuit court's decision, we affirm.

## STATEMENT OF FACTS

¶5. On February 27, 1998, Wheeler was issued two traffic citations by a Hattiesburg police officer. Both citations were written on standard Uniform Traffic Ticket forms. One ticket was for running a stop sign, and the other was for driving with a suspended license. Wheeler has not denied either of the violations. The officer attested and filed the tickets with the Hattiesburg Municipal Court on the same day they were issued to Wheeler. The tickets notified Wheeler to appear at the municipal court on a date certain, or to contact the municipal court clerk on or before that date certain. When he failed to do so, he was tried in absentia, convicted, and fined $441.

¶6. Both tickets listed Wheeler's address as 216 Zion Rest Road, in Shubuta, Mississippi, an address where he had not lived for more than a year. The circuit court judge made a finding of fact that Wheeler failed to disclose that he did not live at the address shown on his driver's license. A "Notice of Fine" was mailed to Wheeler at the old Shubuta address. Wheeler failed to pay his fine, and a mittimus was issued. Almost a year later he was picked up by a Lamar County sheriff's deputy pursuant to the warrant for his

arrest.

## ANALYSIS

**I. DOES SECTION 21-23-7 OF THE MISSISSIPPI CODE ANNOTATED OF 1972 ENABLE A MUNICIPAL JUDGE TO RENDER A BINDING DECISION BASED ON THE NOTICE TO APPEAR PROVIDED BY A UNIFORM TRAFFIC TICKET?**

**III. DOES A MUNICIPAL JUDGE HAVE JURISDICTION OVER THE PERSON OF THE DEFENDANT TO HEAR A CRIMINAL CHARGE WHEN THE COURT HAS NOT SENT A JUDICIAL WRIT OF ANY KIND ORDERING THE ACCUSED TO APPEAR AND ANSWER THE CHARGE, NOR HAS THE DEFENDANT BEEN ARRESTED OR BROUGHT BEFORE THE COURT?**

¶7. The duties of a municipal court judge are outlined in Miss. Code Ann. § 21-23-7 (Supp. 2000). Wheeler argues that Judge Stewart should have followed the procedures set forth in § 21-23-7(9) and that because he did not, he exceeded the authority of this section, which reads in pertinent part:

> Upon execution of a sworn complaint charging a misdemeanor, the municipal court may, in its discretion and in lieu of an arrest warrant, issue a citation requiring the appearance of the defendant to answer the charge made against him. On default of the appearance, an arrest warrant may be issued for the defendant. The clerk of the court or deputy clerk may issue such citations.

Miss. Code Ann. § 21-23-7(9) (Supp. 2000). Wheeler argues this subsection prescribes the manner in which a municipal judge must proceed. However, it is clear that the language of this section is permissive and does not impose a mandatory procedure upon municipal judges.

¶8. The Uniform Traffic Ticket Law, Miss. Code Ann. § 63-9-21 (1996), states what is required to give adequate notice, as follows:

> Every traffic ticket shall show, among other necessary information, the name of the issuing officer, the name of the court in which the cause is to be heard, and the date and time such person is to appear to answer the charge. The ticket shall include information which will constitute a complaint charging the offense for which the ticket was issued, and when duly sworn to and filed with a court of competent jurisdiction, prosecution may proceed thereunder.

Miss. Code Ann. § 63-9-21(3)(c) (1996). A traffic ticket that contains this information constitutes a "sworn affidavit" as referred to in Section 21-23-7(1) when the officer who issues the ticket has it properly attested and filed with the proper court. The traffic ticket issued to Wheeler met the requirements of this statute. The proper procedure for attestation and filing was followed in this case. These issues are without merit.

**II. DOES THE FAILURE OF A MUNICIPAL COURT TO JUDICIALLY ORDER THE DEFENDANT TO APPEAR AND ANSWER THE CHARGE OR TO HAVE THE DEFENDANT ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER THE CHARGE VIOLATE THE DEFENDANT'S "DUE PROCESS" RIGHTS?**

¶9. Under Mississippi law, driving is a privilege and not a fundamental right. *Lavinghouse v. Mississippi Highway Safety Patrol*, 620 So.2d 971 (Miss. 1993). This Court applies the rational relation test when

reviewing constitutional issues that do not involve a fundamental right. *Vortice v. Fordice*, 711 So.2d 894, 895 (Miss. 1998) (citing *Wells v. Panola County Bd. of Educ.*, 645 So.2d 883, 893 (Miss. 1994)). "This means that the state must show that the [questioned statute] is rationally related to a proper legislative purpose." *Vortice*, 711 So.2d at 895-96.

¶10. Statutes related to the enforcement of the rules of the road are unquestionably rationally related to a proper legislative purpose. The Mississippi Legislature has provided for the use of the Uniform Traffic Ticket as an expeditious means of enforcing these rules. Properly completed, the Uniform Traffic Ticket provides sufficient notice to an offender to comply with due process requirements.

¶11. The determination of whether notice is sufficient to satisfy the requirements of due process is a matter of context. "Due process is flexible and calls for such procedural protections as the particular situation demands." *Gilbert v. Homar*, 520 U.S. 924, 931, 117 S.Ct. 1807, 1812,138 L.Ed.2d 120 (1997) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484(1972). "The notice must be of such nature as reasonable to convey the required information (citation omitted), and it must afford a reasonable time for those interested to make their appearance. (citations omitted). But if with due regard for the practicalities of the case these conditions are reasonably met the constitutional requirements are satisfied." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

¶12. The notice received by Wheeler was adequate to satisfy due process requirements. The notice of the date, time and court where Wheeler was to appear was clearly noted on the ticket signed by the issuing officer. Any reasonable person who failed to appear before a court as directed by a criminal citation should expect an arrest warrant to be issued. After his failure to appear, but prior to his arrest, Wheeler was given notice of the imposition of a fine and the opportunity to pay that fine before the mittimus was issued. We find Wheeler's argument that his due process rights were violated is without merit.

### IV. DOES A MUNICIPAL JUDGE HAVE JUDICIAL IMMUNITY IF HE HEARS A CHARGE AND ISSUES A JUDGMENT, IN ABSENTIA, AGAINST A DEFENDANT OVER WHOM HE HAS NOT OBTAINED IN PERSONAM JURISDICTION BECAUSE HE HAS NOT ISSUED, AND THE ABSENT DEFENDANT HAS NOT RECEIVED, JUDICIAL NOTICE OF ANY KIND?

¶13. Wheeler argues his due process rights were violated under both the Mississippi and United States Constitutions because he was tried in absentia. The municipal court trial, however, was properly conducted in accordance with Miss. Code Ann. § 99-17-9 (2000), which provides for trial in absentia in cases less than a felony, in pertinent part, as follows:

> If the defendant in cases less than felony be on recognizance or bail or have been arrested and escaped, or have been notified by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or be in any way in default for non appearance, the trial may progress at the discretion of the court, and judgment final and sentence be awarded as though such defendant were personally present in court.

The constitutionality of trial in absentia under this statute was clearly established by this Court in the early part of this century in *Williams v. State*, 103 Miss. 147, 60 So. 73 (1912), (constitutional rights of the defendant were not violated when the trial was completed in his absence, after he had initially appeared for

the trial and did not appear for the conclusion). Judge Stewart's judicial immunity is in no way diminished or limited by his hearing the charges and issuing a judgment against Wheeler, in absentia, in the present case.

¶14. For more than a century, Mississippi has recognized the doctrine of judicial immunity. *See, e.g.*, *DeWitt v. Thompson*, 192 Miss. 615, 7 So.2d 529 (1942); *Bell v. McKinney*, 63 Miss.187 (1885). In *Loyacono v. Ellis*, 571 So.2d 237, 238 (Miss. 1990), this Court declared that "[p]ublic policy mandates that a judge should have the power to make decisions without having to worry about being held liable for his actions . . . ."

¶15. The key factor in determining whether judicial immunity exists is "whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him." *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331, 339 (1978). Here it is undisputed that the Hattiesburg Municipal Court has subject matter jurisdiction over traffic offenses occurring in the City of Hattiesburg. Judicial immunity clearly exists where, as here, the municipal judge properly exercised subject matter jurisdiction. We agree with the circuit judge's conclusion of law that "[Judge] Stewart, at all times complained of by [Wheeler], acted in conformity with the laws of this State and in his capacity as a Municipal Judge for the City of Hattiesburg; as such he is entitled to judicial immunity." Wheeler's challenge to Judge Stewart's jurisdiction lacks merit.

### V. DOES A POLICE OFFICER HAVE AUTHORITY TO PROVIDE NOTICE TO APPEAR VIA A UNIFORM TRAFFIC TICKET?

¶16. The ticket issued in this case and the method of issuance conformed with the requirements of the Uniform Traffic Ticket Law, Miss. Code Ann.§ 63-9-21(1996). The statute provides that the traffic ticket may be "issued by any sheriff, deputy sheriff, constable, county patrol officer, municipal police officer or State Highway Patrol officer." *Id.* § 63-9-21(3)(a). The ticket received by Wheeler contained the information required by the Uniform Traffic Ticket Law as previously noted in the discussion of Issue II. The requirements of the statute were satisfied; therefore, this issue is without merit.

### VI. DOES THE LITIGATION ACCOUNTABILITY ACT ENABLE A PARTY TO RECOVER ATTORNEY FEES AGAINST A PRO SE LITIGANT OPPOSITE?

¶17. Wheeler argues that the Litigation Accountability Act should not apply to pro se litigants. To the contrary, the Act makes specific reference to its applicability to pro se litigants, stating in pertinent part that:

> No party, except an attorney licensed to practice law in this state, who is appearing without an attorney shall be assessed attorney's fees unless the court finds that the party clearly knew or reasonably should have known that such party's action, claim or defense or any part of it was without any substantial justification.

Miss. Code Ann. § 11-55-5(4) (Supp. 2000). The phrase "without substantial justification" is defined as any action that is "frivolous, groundless in fact or in law, or vexatious, as determined by the court." *Id*. § 11-55-3(a).

¶18. When reviewing a decision regarding the imposition of sanctions pursuant to the Litigation Accountability Act, this Court is limited to consideration of whether the trial court abused its discretion. *Scruggs v. Saterfiel*, 693 So.2d 924, 927 (Miss. 1997); *Leaf River Forest Prods., Inc. v. Deakle*, 661 So.2d 188, 197 (Miss. 1995). The trial judge in the present case concluded that Judge Stewart had

absolute immunity, stating "[j]udges loose [sic] absolute judicial immunity only with respect to either non-judicial acts or other actions that are in the "clear absence of all jurisdiction." (citing ***Stump v. Sparkman***, 435 U.S. 349, 98 S. Ct. 1099, 55 L.Ed. 2d 331 (1978)). The trial judge further concluded that:

> This court recognizes that the Plaintiff has appeared *pro se*; however, he has pursued this matter and has filed legal briefs with this Court which evidence some legal knowledge. The Court makes this observation because the format of Plaintiff's brief is in proper form; however, the cases therein cited have little or no relevance to issues before this Court. The Plaintiff has also appeared before this Court and made legal argument in opposition to Defendant's Motion for Summary Judgment.

The trial judge also found that Judge Stewart's attorney wrote Wheeler advising that his cause of action lacked merit and advising him of the Litigation Accountability Act of 1988. Stewart's attorney requested that Wheeler seek legal counsel and if Wheeler pursued the complaint, the award of attorney's fees would be sought. The letter to Wheeler stated that:

> The lack of a factual foundation and your assertions to the contrary notwithstanding, both the Mississippi Supreme Court and the United States Supreme Court have stated that judges are absolutely immune from individual liability for monetary relief for their "judicial acts" so long as they do not act in the "clear absence of all jurisdiction." Public policy mandates that judges be allowed to act in a judicial capacity without apprehension of personal consequences. Judges lose absolute judicial immunity only with respect to either non-judicial acts or other actions that are in the "clear absence of all jurisdiction." I also advise that the Mississippi Rules of Civil Procedure have no application in this matter.

> I strongly urge you to seek the advice of legal counsel with regards to the allegations of your complaint. I am compelled to advise you that if this complaint is not dismissed and I am required to proceed with a defense on behalf of Judge Stewart, at the conclusion of this matter I will seek the award of all attorney's fees and costs against you pursuant to the Litigation Accountability Act of 1988. A copy of that act is enclosed for your review and I direct your attention to Paragraph 4.

(emphasis in original). Wheeler proceeded with the suit in spite of his personal knowledge of the law and the information provided by Judge Stewart's attorney.

¶19. Although the circuit court judge did not specifically address each factor set forth in Miss. Code Ann. §11-55-7 (Supp. 2000) (the statute which lists factors to be considered by the trial court when granting an award of costs and attorney's fees), we find that his opinion (which included findings of fact and conclusions of law) did include sufficient specific reasons to justify the award.[1] Thus, we find that the award of attorney's fees to Judge Stewart was not an abuse of discretion by the circuit court.

## CONCLUSION

¶20. None of Wheeler's claims of error justifies reversing the circuit court in this case. The circuit court's grant of summary judgment was proper as Judge Stewart had absolute judicial immunity for his acts as the Municipal Judge for the City of Hattiesburg. The award of attorney's fees was not an abuse of discretion by the circuit court.

¶21. Finding no error in the circuit court's decision to grant summary judgment and award attorney's fees to Stewart, this Court affirms the judgment of the Forrest County Circuit Court.

¶22. **AFFIRMED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, DIAZ AND EASLEY, JJ., CONCUR.**

1. This Court encourages the bench and bar to address each of the factors set forth in Section 11-5-7, in order to provide a record on which this Court can more accurately apply the abuse of discretion standard.