LEE, J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On January 15, 1999, in the Circuit Court of Clay County, Bobby Earl Wof-ford pled guilty to possession of a firearm by a convicted felon. Wofford was sentenced to serve one year in the custody of the Mississippi Department of Corrections (MDOC). On April 7, 1999, Wofford was indicted on two counts of sale of a controlled substance, cocaine, and later pled guilty to one count on January 12, 2000. For the one count of sale of cocaine, Wof-ford was sentenced to serve eighteen years in the custody of the MDOC. Wofford filed a post-conviction relief motion on July 12, 2000. After an evidentiary hearing on July 19, 2001, the trial court denied Wof-ford’s motion for post-conviction relief.
¶ 2. Wofford now appeals to this Court asserting the following issues: (1) he was denied effective assistance of counsel; (2) he was denied his right to a speedy trial; (3) he was prejudiced by prosecutorial misconduct; (4) he was prejudiced by an improper indictment; and (5) he was denied equal protection of the law under the Fourteenth Amendment and Uniform Rule of Circuit and County Court Practice 8.04.
STANDARD OF REVIEW
¶ 3. In reviewing a trial court’s denial of post-conviction relief, our standard of review is well settled. We will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).
DISCUSSION OF ISSUES
I. WAS WOFFORD DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. Wofford first claims that he was denied effective assistance of counsel. Wofford contends that his attorney gave him bad advice in advising him to plead guilty. To prove a claim of ineffective assistance of counsel, Wofford must show “(1) a deficiency of counsel’s performance (2) sufficient to constitute prejudice to the defense.” Walker v. State, 703 So.2d 266(¶ 8) (Miss.1997).
¶ 5. Wofford argues that he pled guilty to the possession charge in return for the sale charges being remanded to the file. However, there is no record of any type of plea agreement and, during Wofford’s guilty plea, he stated that no promises had been made to him in return for a guilty plea. In fact, Wofford was indicted for the sale charges four months after he pled g-uilty to the possession charge. Furthermore, Wofford pled guilty to one count of sale after being indicted on two counts and having three more sale charges pending as well as an attempted escape charge. Evidently, the State also agreed not to charge Wofford as an habitual offender. When asked at his guilty plea hearing whether *253 he was satisfied with the advice and help given by his attorney, Wofford responded affirmatively. Wofford has failed to establish by any convincing evidence that his attorney’s performance was deficient in any way. Therefore, we find no merit to this issue.
II. WAS WOFFORD DENIED HIS RIGHT TO A SPEEDY TRIAL?
¶ 6. In his second issue, Wofford contends that he was denied his right to a speedy trial. However, in Anderson v. State, 577 So.2d 390, 391 (Miss.1991), the supreme court specifically found that a valid guilty plea would operate as a waiver of the right to a speedy trial. Thus, this issue is without merit.
III. WAS WOFFORD PREJUDICED BY PROSECUTORIAL MISCONDUCT?
¶ 7. In his third issue, Wofford argues that he was prejudiced by prosecutorial misconduct because of a plea agreement between the district attorney and his trial counsel wherein Wofford would plead guilty to the possession charge and the other sale charges would be remanded to the file. Wofford cites to his guilty plea hearing for the possession charge where the district attorney stated that there were no other charges. However, there were no other charges pending at the time of this hearing. Wofford offers no other evidence indicating any prosecutorial misconduct and we find this issue to be without merit.
IV.WAS THE INDICTMENT DEFECTIVE?
¶8. In this issue, Wofford claims that the indictment was defective because the year read 1998 rather than 1997. However, according to Uniform Rule of Circuit and County Court Practice 7.06(5), “[f]ail-ure to state the correct date shall not render the indictment insufficient....” Thus, this issue is without merit.
Y. WAS WOFFORD DENIED EQUAL PROTECTION OF THE LAW?
¶ 9. Although the evidentiary hearing was not included in the record before us, the trial court’s ruling states that all of Wofford’s allegations, including ineffective assistance of counsel and validity of the guilty plea, were not supported by the evidence, law, or court records. Wofford has afforded us no indication of any errors committed by the trial court. As we have found Wofford’s other issues to be without merit, we cannot find that he was denied equal protection of the law.
¶10. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO CLAY COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.