962 So.2d 698 (2007)
Gene Arnold SCOTT, Appellant
v.
CITY OF BOONEVILLE, Mississippi, Appellee.
No. 2005-KM-02094-COA.
Court of Appeals of Mississippi.
March 27, 2007.
Rehearing Denied August 14, 2007.
*700 Tommy Dexter Cadle, Kenneth Eugene Floyd, Attorneys for Appellant.
William Wayne Smith, Yazoo City, Attorney for Appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On December 9, 2004, the Municipal Court of Booneville, Mississippi convicted Gene Arnold Scott of the following charges: driving under the influence, improper equipment, making an improper turn, possession of whiskey in a dry county, and possession of beer in a dry county. Scott then appealed his conviction to the Prentiss County Circuit Court. A trial de novo was held on October 7, 2005, and Scott was found guilty of all charges. Aggrieved, Scott appeals and asserts the following issues:
I. Whether the lower court committed reversible error in adjudging Appellant guilty of driving under the influence on June 15, 2004, notwithstanding the fact that the affidavit charging Appellant with driving under the influence charged Appellant with committing said offense on June 16, 2004.
II. Whether a two year old outdated DUI citation, which is not a Uniform Traffic Ticket, citation, or affidavit in accordance with section 63-9-21(3)(b) constitutes a legal/valid affidavit and/or is a Defendant not entitled to a dismissal when a charge of driving under the influence is lodged on such a citation.
III. Whether a DUI citation with an erroneous address of the court in which the cause is to be heard constitutes a sworn complaint.
IV. Whether the trial court erred in finding there was probable cause to make the relevant stop.
Finding no error, we affirm.

FACTS
¶ 2. Shortly before midnight on June 15, 2004, Sergeant Eddie Greene of the Booneville Police Department pulled over a red eighteen-wheeler driven by the Gene Arnold Scott. Greene testified that he had received a call from dispatch to be on the lookout for a vehicle matching the description of that driven by Scott. In addition, Greene stated he pulled Scott over for making an improper turn and because a headlight was out on the truck.
¶ 3. During the ensuing conversation with Scott, Sergeant Greene noticed the smell of alcohol on or about Scott's breath. Greene then performed a field sobriety test that included a horizontal gaze nystagmus, a walk and turn, and a one leg stand. Based on these tests Greene believed Scott to be under the influence and decided to take him to the justice center. During an inventory of Scott's vehicle, Greene found three twelve-ounce cans of Coors Light beer and a bottle of Canadian Mist whiskey.
*701 ¶ 4. Shortly after midnight on June 16, 2004, and upon arrival at the justice center, Greene administered a breathalyzer test to Scott using the CMI Intoxilyzer 5000. The Department of Public Safety had certified the machine, and Sergeant Greene was also certified to operate it. The results indicated that Scott had an alcohol concentration of 0.089%, in excess of the 0.04% allowed for operators of a commercial vehicle.
¶ 5. Based on Sergeant Greene's observations and the breathalyzer test, Scott was charged with the following crimes: improper equipment for having only one headlight, making an improper turn, driving under the influence, possession of beer in a dry county, and possession of whiskey in a dry county. The City of Booneville Municipal Court tried Greene and found him guilty of all the charges. On appeal, the Prentiss County Circuit Court conducted a trial de novo and again found Scott guilty of all charges.
¶ 6. In the courts below, Greene filed motions challenging the sufficiency of the affidavit that charged him with DUI and argued there was no probable cause for Sergeant Greene to make the stop. The DUI ticket issued to Scott by Greene was a two-year old version; however, it did contain the relevant provision that stated it was a crime for anyone with an alcohol concentration of 0.04% or above to operate a commercial motor vehicle.[1] The same ticket also incorrectly stated the address of the Booneville Municipal Court, which the city had moved some years ago. Lastly, the DUI ticket included the incorrect date of the incident. Greene had written on the ticket that he pulled over Scott on June 16, 2004, when in fact he had done so on June 15. Greene testified that it was a scrivener's error based on the fact that he stopped Scott shortly before midnight and administered the breathalyzer test shortly after midnight. The tickets given to Scott for improper equipment and making an improper turn were current and contained the correct date and address for the courthouse.
¶ 7. The courts below dismissed the above motions. Aggrieved, Scott appeals to this Court.

ISSUES AND ANALYSIS
I. Whether the lower court committed reversible error in adjudging Appellant guilty of driving under the influence on June 15, 2004, notwithstanding the fact that the affidavit charging Appellant with driving under the influence charged Appellant with committing said offense on June 16, 2004.
¶ 8. Rule 7.06 of the Uniform Rules of Circuit and County Court states that an indictment shall contain the date and time of the alleged offense. Nevertheless, "Failure to state the correct date shall not render the indictment insufficient." Id. Furthermore, an indictment is not insufficient "for stating the offense to have been committed on day subsequent to the finding of the indictment." Miss.Code Ann. § 99-7-5 (Rev.2000). An incorrect date will not render an indictment defective. See Corley v. State, 536 So.2d 1314, 1316 (Miss.1988); Wofford v. State, 875 So.2d 251, 253(¶ 8) (Miss.Ct.App.2004). A *702 Uniform Traffic Ticket serves as an indictment in this case, putting the defendant on notice of the charges against him. The requirements for a traffic ticket are as follows:
Every traffic ticket shall show, among other necessary information, the name of the issuing officer, the name of the court in which the case is to be heard, and the date and time such person is to appear to answer the charge. The ticket shall include information which will constitute a complaint charging the offense for which the ticket was issued, and when duly sworn to and filed with a court of competent jurisdiction, prosecution may proceed thereunder.
Miss.Code Ann. § 63-9-21(3)(c) (Rev. 2004). Such a traffic ticket constitutes a sworn affidavit sufficient to charge a defendant in municipal court. Wheeler v. Stewart, 798 So.2d 386, 390(¶ 8) (Miss. 2001).
¶ 9. Scott does not cite any authority to support his argument that the discrepancy in dates meant there was insufficient proof to convict him. While the prosecution did not submit any proof at trial that Scott was driving under the influence on June 16, 2004, it did point out that the date on the Uniform Traffic Ticket was a scrivener's error. The error happened because Sergeant Greene stopped Scott shortly before midnight and conducted a breathalyzer test shortly after midnight. The trial court agreed that it was a scrivener's error, and the prosecution amended the ticket to state the correct date, June 15, 2004. If an indictment with an incorrect date of the incident is not defective, we do not find such a traffic ticket to be defective either.
¶ 10. The other two citations issued to Scott for the simultaneous offenses stated the correct date and time. Also, the time on the DUI citation matched times written on the other two citations. Scott was, therefore, aware of the actual date of the offense for which he was charged. The trial court found the date to be a scrivener's error, and we agree. Accordingly, the traffic ticket was sufficient to put Scott on notice that the DUI charge was for the night of June 15, 2004. The prosecution did put on proof that Scott was driving under the influence on June 15, 2004, and he was convicted of that offense. This issue is without merit.
II. Whether a two year old outdated DUI citation, which is not a Uniform Traffic Ticket, citation, or affidavit in accordance with section 63-9-21(3)(b) constitutes a legal/valid affidavit and/or is a Defendant not entitled to a dismissal when a charge of driving under the influence is lodged on such a citation.
¶ 11. Scott relies on an attorney general opinion to support his argument that the outdated tickets deprive the trial court of jurisdiction. The opinion states that municipalities may not delay in purchasing new DUI tickets. Miss. Att'y Gen. Op. No.XXXX-XXXX (Apr. 6, 1994). The State cites another such opinion, which says that officers may revise existing DUI citations while also reminding the municipalities they may not delay in purchasing new tickets. Miss. Att'y Gen. Op. No.XXXX-XXXX (Oct. 18, 2002). Attorney general opinions, while not binding on this Court, may be considered by it. Madison County v. Hopkins, 857 So.2d 43, 50(¶ 19) (Miss.2003).
¶ 12. This is not a case of the city purposefully continuing to use outdated Uniform Traffic Tickets. The testimony revealed the City of Booneville had come into compliance with the new law, and it had been using the new tickets long before *703 Greene issued the ticket in question. The City could not explain how the old ticket had gotten into circulation. The difference in the tickets is that the newer Uniform Traffic Tickets reflect the decrease in the allowable alcohol concentration for operators of noncommercial vehicles. However, this change is irrelevant to Scott's ticket.
¶ 13. The portion of the Uniform Traffic Ticket that applies to Scott's situation is the part that indicates it is a crime to operate a commercial vehicle with an alcohol concentration of 0.04% or more. Since the legislature did not alter the allowable alcohol concentration for operating a commercial vehicle, this portion remains the same on the new tickets as on the old tickets. Miss.Code Ann. § 63-11-30(1) (Rev.2004). Issuing one of the new tickets to Scott would have made no difference since, concerning the operation of a commercial vehicle, it would state the same charge found on the old ticket. As in Wheeler, the ticket in question contained all the statutorily required information; therefore, it constituted a sworn affidavit. This issue is without merit.
III. Whether a DUI citation with an erroneous address of the court in which the cause is to be heard constitutes a sworn complaint.
¶ 14. Scott next argues that the DUI citation, which contained the incorrect address for the municipal court, did not constitute a sworn affidavit. His argument is that, because the citation lacked the court's correct address, it failed to state "the name of the court in which the cause was to be heard," as required by section 63-9-21(3)(c) of the Mississippi Code.
¶ 15. The supreme court has held that a discrepancy will not render a traffic ticket ineffective when the defendant was made aware of the violation for which he was charged. Palmer v. City of Oxford, 860 So.2d 1203, 1212-13(¶ 24) (Miss.2003). In Palmer, the supreme court held the ticket valid even though the defendant's copy did not contain his alcohol concentration. Id. Furthermore, as stated in Wheeler, a traffic ticket that contains the statutory requirements constitutes a sworn affidavit. Wheeler, 798 So.2d at 390(¶ 8).
¶ 16. While the DUI ticket contained the wrong address, it did, however, state that Scott's arraignment was to take place before the Municipal Court of Booneville, Mississippi. We first note that this is the name of the court in which Scott's arraignment did take place. While the address of the court was outdated, the citation did contain the proper name of the court. Nowhere does the statute state that the citation must contain the address of the court, only the name. Furthermore, the ticket did contain the name of the officer and the date and time of the hearing. Under Wheeler, this constitutes a sworn affidavit.
¶ 17. Scott does not argue that he lacked notice of the arraignment. Again, the other two citations issued to Scott for simultaneous offenses were current versions and contained the correct address for the Booneville Municipal Court. Not only did the citations put him on notice of the correct address of the court, but he also appeared at the correct courthouse for the arraignment. The traffic ticket contained sufficient information to constitute a sworn affidavit charging Scott with DUI. This issue is without merit.
IV. Whether the trial court erred in finding there was probable cause to make the relevant stop.
¶ 18. In determining whether probable cause existed to make a stop, an appellate court should review the decision de novo. Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d *704 911 (1996). The Mississippi Supreme Court has stated that this review is a de novo review under the applicable substantial evidence/clearly erroneous standard. Floyd v. City of Crystal Springs, 749 So.2d 110, 113(¶ 11) (Miss.1999).
¶ 19. A police officer may stop an automobile when he has probable cause to suspect a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). "This is an objective test based on the facts known to the officer at the time of the stop." United States v. Escalante, 239 F.3d 678, 681 (5th Cir.2001). Regarding the improper turn, section 63-3-703(c) of the Mississippi Code provides that local authorities may place markers designating how drivers must turn at intersections. When an intersection is so marked, drivers are required to follow the designated instructions. Id. Also, a motor vehicle must have two headlights, and one must be located on each side of the front of the vehicle. Miss.Code Ann. § 63-7-13(1) (Rev.2004). From sunset until sunrise those headlights must be lighted. Miss. Code Ann. § 63-7-11 (Rev.2004).
¶ 20. Scott specifically takes issue with the fact that making an improper turn was insufficient probable cause to pull over Scott. He fails to address whether Sergeant Greene had probable cause to pull him over because he was missing a headlight or based on the call from dispatch.
¶ 21. The trial court found that Sergeant Greene had ample probable cause. First of all, he received a call from dispatch telling him to look out for a truck with a description matching that of Scott's truck. In addition, he testified that he first noticed Scott's truck was missing a headlight, and he also watched him execute an improper turn. The testimony that Greene observed Scott enter an improper turning lane was itself probable cause to stop Scott. Greene observed a traffic violation occur; therefore, he had the authority under Whren to stop Scott's automobile.
¶ 22. At the time, Sergeant Greene had probable cause to stop Scott when he observed Scott make an improper turn. He also had probable cause to make the stop because Scott was driving at night with only one headlight. Either of these alone would be sufficient to make the stop, so it is not necessary for this Court to address whether the call from dispatch created probable cause to make the stop. This issue is without merit.
¶ 23. THE JUDGMENT OF THE PRENTISS COUNTY CIRCUIT COURT OF CONVICTION OF DUI FIRST OFFENSE AND SENTENCE OF TWENTY-FOUR HOURS IN JAIL WITH TWENTY-FOUR HOURS SUSPENDED AND PAYMENT OF $959.50 IN FINES; OPERATING A MOTOR VEHICLE WITH IMPROPER EQUIPMENT AND PAYMENT OF $157.50 IN FINES; MAKING AN IMPROPER TURN AND PAYMENT OF $157.50 IN FINES; POSSESSION OF BEER IN A DRY COUNTY AND PAYMENT OF $178 IN FINES; POSSESSION OF WHISKEY IN A DRY COUNTY AND PAYMENT OF $228 IN FINES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The ticket issued to Scott contained an older provision that made it a crime to operate a noncommercial motor vehicle with an alcohol concentration of 0.10% or above, while the new tickets incorporated the amendment to the law that made it a crime to operate a noncommercial motor vehicle with an alcohol concentration of 0.08% or above. Scott's charges were for operation of a commercial vehicle; therefore, the portion relevant to him was correct.