853 So.2d 144 (2003)
Eric Butch JOHNSTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00796-COA.
Court of Appeals of Mississippi.
June 3, 2003.
Rehearing Denied August 19, 2003.
*145 William Mitchell Moran, Dan W. Duggan, attorneys for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, P.J., THOMAS, MYERS and GRIFFIS, JJ.
THOMAS, J., for the court.
¶ 1. Eric Butch Johnston was convicted of possession of a controlled substance and sentenced to twelve years in the custody of the Mississippi Department of Corrections. Aggrieved he asserts the following:
I. DID THE OFFICERS SET UP A PROPER ROADBLOCK WHICH PASSES ALL CONSTITUTIONAL REQUIREMENTS?
II. THE COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO SUPPRESS THE EVIDENCE.
Finding no error, we affirm.

FACTS
¶ 2. On the evening of March 15, 2002, Eric Johnston drove his vehicle to where a driver's license checkpoint was being maintained by the Leake County Sheriff's Department at the intersection of Gunter and Salem Roads. Upon stopping at the checkpoint and relinquishing his license to the deputy to check its validity, the deputy was informed by the dispatcher that Johnston's license had been suspended. Johnston was then placed under arrest and was searched. The search revealed several syringes and a bag containing methamphetamine. Johnston was then read his Miranda warning and charged with possession of a controlled substance. It was later determined that the methamphetamine weighed 3.32 grams and that the syringe was loaded with .5 millimeters of methamphetamine.
I. DID THE OFFICERS SET UP A PROPER ROADBLOCK WHICH PASSES ALL CONSTITUTIONAL REQUIREMENTS?
¶ 3. Johnston argues that since a very minimal amount of citations were written as a consequence of that particular checkpoint and that since the deputies testified that the department had no written policies covering setting up roadblocks and the execution of such roadblocks then the roadblock was unconstitutional. He fails to assert how his constitutional rights were violated; he just claims they were.
¶ 4. The Supreme Court found highway law enforcement officer's rights to stop, question and inspect to be more extensive at fixed checkpoints than for roving patrol stops. United States v. Martinez-Fuerte, 428 U.S. 543, 558, 96 S.Ct. 3074, 49 L.Ed.2d 1116, (1976). "We view checkpoint stops in a different light because the subjective intrusionthe generating of concern or even fright on the part of lawful travelersis appreciably less in the case of a checkpoint stop." Id. A balancing requirement originated in Camara v. Municipal Court, 387 U.S. 523, 539, 87 S.Ct. 1727, 18 L.Ed.2d 930, (1967);
*146 4 WAYNE R. LAFAVE, SEARCH AND SEIZURE §§ 10.8(a) (3d ed.1996). There are three requirements under Camara to validate a particular law enforcement practice involving a stop and limited detention: (1) existence of a strong public interest in maximizing success in combating the problem at hand; (2) an inability to achieve adequate result by relying on probable cause determinations; and (3) the "relatively limited invasion of the citizen's privacy" involved in the procedure in question. Camara, 387 U.S. at 537, 87 S.Ct. 1727. Applying the previously discussed Camara standards, it would seem clear that the required stops in these situations for the purpose of checking for a valid driver's license are reasonable under the Fourth Amendment. 4 LAFAVE, SEARCH AND SEIZURE §§ 10.8(c); Edwards v. State 795 So.2d 554, 557-58(¶ 12) (Miss.Ct.App.2001). In applying the balancing test, this Court must look at the importance of the public concern served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with Johnston's liberty. Brown v. Texas, 443 U.S. 47, 51, 99 S.Ct. 2637, 61 L.Ed.2d 357, (1979).
¶ 5. The purpose of the roadblock was to check licenses. It should be noted this Court held in the case of Briggs v. State that the State does arguably have an interest in seeing that drivers of vehicles are properly registered and in making sure vehicles are properly registered and inspected. Briggs v. State, 741 So.2d 986(¶ 8) (Miss.Ct.App.1999). Therefore, there was a public concern served by this roadblock and thus served by the seizure.
¶ 6. Johnston was not singled out nor a victim of any unreasonable activity by the sheriff's deputies. The checkpoint for the purpose of valid license checking was constitutional. This issue has no merit.
II. DID THE COURT COMMIT REVERSIBLE ERROR WHEN IT FAILED TO SUPPRESS THE EVIDENCE?
¶ 7. Johnston contends that the only reason that the deputy patted him down, which lead to the discovery of the methamphetamine, was for the deputy's safety and that since it was obvious no weapons were on Johnston's person then the deputy should not have discovered the methamphetamine in Johnston's pocket. He further asserts that he was never lawfully arrested and therefore any evidence obtained pursuant to an unlawful arrest should have been suppressed. He asserts that the search should have been limited to a search for weapons.
¶ 8. In order for an officer to make an arrest, he must first have probable cause. "Probable cause exists where `the facts and circumstances within the arresting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" Craig v. State, 739 So.2d 410, 412(¶ 4) (Miss.1999). There is no violation of the Fourth Amendment when a person, placed under lawful arrest, is subjected to a full search of his person. U.S. v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, (1973). "A search incident to a valid arrest is not limited to a Terry type search." Rankin v. State, 636 So.2d 652, 657 (Miss.1994) (citing Robinson, 414 U.S. at 229, 94 S.Ct. 467). In Ellis v. State, 573 So.2d 724, 726 (Miss.1990), our supreme court held that since the police officer had probable cause to arrest the defendant, the officer was justified in searching for more than weapons, and the narrow limits of a Terry search did not apply.
*147 ¶ 9. The search conducted was incident to a lawful arrest as the deputy certainly had probable cause to believe Johnston was driving without a proper license. This issue is without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF POSSESSION OF METHAMPHETAMINE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.