972 So.2d 723 (2007)
Anthony Ryan LOVELESS, Appellant,
v.
CITY OF BOONEVILLE, Mississippi, Appellee.
No. 2005-KM-02017-COA.
Court of Appeals of Mississippi.
June 5, 2007.
Rehearing Denied September 25, 2007.
*724 Tommy Dexter Cadle, Kenneth Eugene Floyd, attorneys for appellant.
William Wayne Smith, Bonneville, attorney for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Anthony Ryan Loveless was convicted on October 3, 2005, for driving under the influence of intoxicating liquor, possession of beer in a dry county, possession of whiskey, and careless driving. Aggrieved by the judgment rendered following a bench trial in this matter, Loveless appeals, asserting the following errors: (1) Loveless was subjected to double jeopardy when his trial was continued following the beginning of testimony by the City's first witness, (2) the arresting officer did not have probable cause to initiate a traffic stop of Loveless, and, (3) the citations issued to Loveless were insufficient/improper and did not confer jurisdiction upon the court. Finding no reversible error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. In the early morning hours of August 1, 2003, Anthony Ryan Loveless was *725 stopped in the north-bound lane at a four-way stop sign in the City of Booneville, Mississippi. Directly across from Loveless, in the south-bound lane, Booneville Police Officer Bryon Parker was also stopped at the four-way stop.[1] According to Officer Parker, while the two vehicles were awaiting their turn to proceed, Officer Parker heard loud music emanating from Loveless's vehicle. After Loveless proceeded north through the intersection, Officer Parker turned his cruiser around and followed Loveless with the intention of pulling him over and warning Loveless to turn the volume of the music down. Officer Parker testified that, while he was following Loveless, he witnessed Loveless cross over the center line, with both driver's side tires crossing over into the south-bound lane. At this point, Officer Parker turned on his blue lights, signaling Loveless to pull over. Loveless drove a short distance further and then pulled over without incident.
¶ 3. Upon approaching Loveless's vehicle, Officer Parker noticed a strong odor of alcohol coming from the vehicle. Officer Parker also testified that Loveless's speech was slurred. After observing these signs of intoxication, Officer Parker asked Loveless to exit his vehicle. When he did so, Officer Parker noticed a beer can in the console of Loveless's vehicle, which Parker discovered was about half full, or half empty. In addition, Officer Parker testified that he continued to detect the aroma of beer on Loveless's breath after they went to the rear of Loveless's vehicle. A search of Loveless's vehicle revealed a bottle of vodka and four unopened cans of beer located in a box behind the seat of Loveless's vehicle.
¶ 4. Based on the illegal possession of beer and vodka, and pursuant to Officer Parker's suspicion that Loveless was driving under the influence, Loveless was transported to the Justice Center where Officer Parker administered field sobriety tests, including: the horizontal gaze nystagmus test, the walk and turn test, and the one-leg stand test. Loveless refused to take the breathalyzer test on the Intoxilyzer 5000; however, based on Loveless's performance in the field sobriety tests, his slurred speech, and evidence of alcohol consumption, Officer Parker determined that Loveless was under the influence of intoxicating liquor at the time he was operating his vehicle. Accordingly, Loveless was arrested and charged with driving under the influence, possession of beer in a dry county, possession of whiskey, and careless driving.
¶ 5. Loveless was tried and convicted of all four charges in the Municipal Court of Booneville, Mississippi, and Loveless timely filed an appeal with the Circuit Court of Prentiss County. A trial de novo was commenced on March 5, 2004, and the City called its first witness, Officer Parker. Officer Parker was sworn and had responded to a few background questions when Loveless interposed an objection to Officer Parker's testifying based on an alleged discovery violation under Rule 9.04 of the Uniform Circuit and County Court Rules.[2] Specifically, Loveless argued that the City had failed to furnish a witness list identifying Officer Parker as a potential witness. The City responded by pointing *726 out that, in response to Loveless's discovery request, the following letter was furnished:
In response to your letter of February 26, 2004 my file reflects that I provided you with information regarding this case by letter of September 10, 2003 which was prior to the trial of this case in city court.
I have no additional evidence other than the evidence which was presented in the city court at the trial of this case.
Loveless argued that the City's response did not satisfy the disclosure requirements outlined in Rule 9.04, and therefore, he argued, the City could not offer the testimony of Officer Parker.
¶ 6. After hearing the argument of both parties, the circuit court offered Loveless the opportunity to interview Officer Parker or, in the alternative, offered to grant a continuance. Loveless refused to accept either alternative and argued that jeopardy attached and that the case should be dismissed. The circuit court ruled that jeopardy had not attached and granted a continuance over Loveless's objection, continuing the trial from its March 5, 2004 setting until September 24, 2004.
¶ 7. Trial in this matter was subsequently reset three times,[3] and Loveless's bench trial was ultimately conducted on June 20, 2005. The circuit court's judgment convicting Loveless of careless driving, driving under the influence of intoxicating liquor in violation of Mississippi Code Annotated section 63-11-30-(1)(a) (Rev.2004), possession of beer in a dry county, and possession of vodka in violation of the Mississippi Local Option Alcoholic Beverage Control Act was entered on October 3, 2005. Loveless filed his notice of appeal on October 25, 2005. His argument to this Court is that the circuit court erred by finding that jeopardy had not attached when the first witness was sworn, that the circuit court erred in finding that probable cause existed to allow Officer Parker to initiate the traffic stop on Loveless, and that the circuit court erred in failing to dismiss this case for lack of jurisdiction. Loveless contends that jurisdiction was lacking in this case due to insufficient and improper affidavits with respect to the charges of DUI, possession of whiskey, and possession of beer in a dry county. Finding no reversible error in Loveless's assignments of error, we affirm the judgment of the circuit court.

DISCUSSION
1. Double Jeopardy
¶ 8. Loveless objected to the testimony of the City's first witness, Officer Parker, and argued to the circuit court that the City's letter responding to Loveless's discovery request did not comply with Uniform Circuit and County Court Rule 9.04(A)(1). According to that provision, upon written request the prosecution must provide to the defendant or defendant's attorney, among other information, the "[n]ames and addresses of all witnesses in chief proposed to be offered by the prosecution at trial. . . ." Loveless contended that, rather than referencing evidence and witnesses presented at the trial in municipal court, Rule 9.04 mandated that a new list be provided with the names and addresses of witnesses in chief to be called at the de novo trial in circuit court. Because Rule 9.04 was not followed, Loveless *727 argued that the City was not allowed to present the testimony of Officer Parker. The circuit court stated that it would not dismiss the case based on the City's alleged discovery violation. Rather, the circuit court offered Loveless the alternative remedies outlined by Rule 9.04(I), which provides, in pertinent part, as follows:
If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows:
1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and
2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial.
¶ 9. Although the circuit court did not explicitly state that the City Prosecutor violated the discovery rules outlined in Rule 9.04, the trial judge at least implicitly found that Rule 9.04 had not been technically complied with when she offered Loveless the benefit of the remedial provisions of Rule 9.04(I).[4] Loveless refused the circuit court's offer to allow him the opportunity to interview Officer Parker. Loveless likewise refused the court's alternative offer of a continuance, asserting that because Officer Parker began testifying, jeopardy attached and any agreement to a continuance would waive Loveless's double jeopardy defense.[5] The circuit court nevertheless continued the case, and Loveless was finally tried and convicted approximately one year and three months after his trial began.[6] On appeal, Loveless argues that he was placed in double jeopardy when the circuit court resumed his trial following the extended continuance. Although we agree that jeopardy attached when the City's first witness was sworn and began giving testimony, we are not persuaded that Loveless was subjected to double jeopardy based on the circuit court's continuance.
¶ 10. "The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." Oregon v. Kennedy, 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (citing United States v. Dinitz, 424 U.S. 600, 606, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976)). "As a part of this protection against multiple prosecutions, the Double Jeopardy Clause affords a criminal defendant a `valued right to have his trial completed by a particular *728 tribunal.'" Id. at 671-72, 102 S.Ct. 2083 (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)). After jeopardy attaches in a criminal proceeding, "if a mistrial is granted upon the court's own motion, or upon the state's motion, a second trial is barred because of double jeopardy unless there was a manifest necessity for the mistrial, taking into consideration all the circumstances." Watts v. State, 492 So.2d 1281, 1284 (Miss. 1986) (citing Jones v. State, 398 So.2d 1312 (Miss.1981)). "In a jury trial, jeopardy attaches once the jury has been empaneled and sworn." Wheeler v. State, 826 So.2d 731, 738(¶ 26) (Miss.2002) (citing Simmons v. State, 746 So.2d 302, 309 (Miss.1999)).
¶ 11. Our analysis in the instant case begins with the question of whether jeopardy had attached at or prior to the time Officer Parker was sworn and began giving testimony. We must then determine whether the continuance at issue was sufficiently like a mistrial such that resumption of the trial constituted a second jeopardy. If either question is answered in the negative, then we need not address the "manifest necessity" prong of double jeopardy analysis.
¶ 12. In King v. State, 527 So.2d 641 (Miss.1988), our supreme court was presented with issues similar to those before this Court. Specifically, the King court addressed the questions of when jeopardy attaches in a bench trial, and whether a continuance in a bench trial is sufficiently similar to a mistrial in a jury proceeding so as to trigger double jeopardy scrutiny. As to the first question, the King court agreed with the appellant's argument "that jeopardy attaches for a bench trial when the first witness is sworn." Id. at 643 (citing U.S. v. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)). With respect to whether a bench trial continuance is comparable to a mistrial in a jury proceeding, the supreme court stated that "a continuance is not a mistrial in all situations, especially where, as here, the continuance is granted without defendant's objection." Id. at 644. In addressing this question, our supreme court considered the following language from Webb v. Hutto, 720 F.2d 375 (4th Cir.1983), a case in which a five-day continuance was deemed not violative of the Double Jeopardy Clause:
The simple, yet to us controlling, consideration is that the accused must be placed in jeopardy twice for double jeopardy to exist. It happens when the second event involves a completely new beginning, i.e., when the second proceeding takes place before a new trier of fact, whether that be a different judge or jury, or the same judge starting with a clean slate. It simply does not occur when the very same proceeding continues on after a brief postponement before the first and only trier of fact, as was the case here.
Id. (quoting Webb, 720 F.2d at 379). Finding it "indisputable that the subsequent proceeding was a continuation of the first hearing," noting the defendant's failure to object to the continuance, and comparing the brief six-day continuance at issue to the five-day continuance in Webb, the King court found that the continuance was not sufficiently like a mistrial, and therefore, the resumption of the proceedings did not constitute double jeopardy. Id. Since double jeopardy scrutiny was not warranted, the King court deemed it unnecessary to address the "manifest necessity" prong of double jeopardy analysis as discussed in Watts, 492 So.2d at 1284. King, 527 So.2d at 644.
¶ 13. In the instant case, although the delay caused by the continuance was not brief as compared to the delays at issue in King and Webb, we find that since Loveless's *729 trial resumed before the same trier of fact and was not "a completely new beginning," Loveless was not subjected to double jeopardy. Accordingly, while jeopardy attached at the time Office Parker was sworn and began giving testimony on March 5, 2004, the resumption of Loveless's trial on June 20, 2005, was merely a continuance of the March 5, 2004, proceeding and, therefore, did not constitute double jeopardy. Since the resumption of Loveless's bench trial did not constitute double jeopardy, we need not determine whether there was manifest necessity for the continuance in this case. See id.
¶ 14. We also note that, while the King court "lean[ed] toward accepting the rationale of the Fourth Circuit in Webb," the supreme court nevertheless briefly discussed State v. O'Keefe, 135 N.J.Super. 430, 343 A.2d 509 (1975). King, 527 So.2d at 644. In O'Keefe, the New Jersey Supreme Court stated that "[e]ven though a declaration of mistrial caused by prosecutorial neglect would bar retrial, a continuance in the course of a trial caused by prosecutorial neglect should not bar resumption unless the neglect is inexcusable and the continuance is an unreasonable break in the continuity of the trial." O'Keefe, 343 A.2d at 515. Hence, according to O'Keefe, a continuance caused by prosecutorial neglect does not result in double jeopardy unless the neglect was (1) inexcusable, and (2) the length of the continuance constituted an unreasonable break in continuity.
¶ 15. We find that O'Keefe, even though not explicitly adopted by our supreme court, would compel the same conclusion that we reach in relying on the reasoning of Webb and King. The conclusion that double jeopardy was not implicated by the continuance and resumption of Loveless's trial is compelled by O'Keefe inasmuch as the city prosecutor's neglect, if any, in not complying with Loveless's discovery request as required by Rule 9.04 did not rise to the level of inexcusable neglect. First, in its discovery response, the City asserted that it would introduce the same evidence and testimony in circuit court as was introduced during the municipal court trial, a response that was neither elusive nor prejudicial to Loveless.[7] Second, assuming, without deciding, that the City's response was technically deficient, we note that Loveless received the City's allegedly deficient discovery response at least two days prior to the March 5, 2004, trial, and Loveless could have sought supplemental discovery prior to Officer Parker's taking the witness stand.[8] Additionally, we note that the trial court addressed other pretrial matters on the day of trial but prior to commencement of the proceedings, and Loveless could have raised the allegedly defective discovery response at that point. However, Loveless failed to object to Officer Parker's giving testimony until after the officer was sworn and began testifying, apparently with the intention of having the charges dismissed.[9] Considering the timing *730 and sequence of the events just described, as well as the City Prosecutor's apparent lack of bad faith in responding to Loveless's discovery request, we find no inexcusable neglect on the part of the prosecutor. Accordingly, application of the O'Keefe test to the facts of this case leads us to the same conclusion that we reach pursuant to the reasoning of Webb and King: that Loveless was not subjected to double jeopardy.
2. Probable Cause
¶ 16. Loveless argues that, since Officer Parker could not cite the noise ordinance that Loveless was allegedly violating on the morning in question, and could not recite the elements which constitute a violation of the ordinance, there was no probable cause to make a traffic stop which led to Loveless's arrest.[10] Based on this lack of probable cause, Loveless asserts error by the circuit court "in finding that there was probable cause to initiate the stop of" Loveless. We disagree.
¶ 17. With regard to Officer Parker's inability to cite the noise ordinance and elements for a violation thereof, we note that it is impractical to expect an officer of the law to possess the level of knowledge which Loveless claims, at least implicitly, that an officer should have with respect to every law an officer is charged with enforcing. We suspect that even the most knowledgeable legal scholar could not spontaneously recite the citation and elements of all of the criminal statutes and ordinances which are in effect in Mississippi.
¶ 18. Such a level of knowledge is not required to establish probable cause for an arrest or a traffic stop. Instead, "the test for probable cause in Mississippi is the totality of the circumstances." Harrison v. State, 800 So.2d 1134, 1138(¶ 18) (Miss.2001) (citing Haddox v. State, 636 So.2d 1229, 1235 (Miss.1994)). Probable cause has been further defined as:
a practical, nontechnical concept, based upon the conventional consideration of every day life on which reasonable prudent men, not legal technicians act. It arises when the facts and circumstances with[in] an officer's knowledge, or of which he has reasonably trustworthy information, are sufficient in themselves to justify a man of average caution in the belief that a crime has been committed and that a particular individual committed it.
Id. (quoting Conway v. State, 397 So.2d 1095, 1098 (Miss.1980)). Even if Officer Parker's belief that Loveless was violating *731 a noise ordinance was based on an erroneous conclusion of law or fact, such mistake does not necessarily render the probable cause defective, as long as Officer Parker's "probable cause [was] based on good faith and a reasonable basis then it is valid." Id. at 1138-39(¶ 19) (citing United States v. Wallace, 213 F.3d 1216 (9th Cir.2000) (finding probable cause existed because of reasonable belief that suspect committed or was committing crime even though officer was mistaken that all front-window tint was illegal); United States v. Sanders, 196 F.3d 910 (8th Cir.1999) (officer objectively had reasonable basis for probable cause even though vehicle was not technically in violation of the statute); DeChene v. Smallwood, 226 Va. 475, 311 S.E.2d 749 (1984) (holding arrest resulting from mistake of law should be judged by the same test as one stemming from mistake of fact; whether the arresting officer acted "in good faith and with probable cause")).
¶ 19. Loveless points to nothing in the record to indicate a lack of good faith and reasonable belief by Officer Parker that Loveless was violating a City of Booneville noise ordinance. However, even assuming that Officer Parker did not have probable cause to initiate a traffic stop based on the belief that Loveless violated a noise ordinance, we note that Office Parker did not turn on his blue lights and signal Loveless to stop his vehicle until Parker saw Loveless cross the center line of the road. There is no requirement that an officer have probable cause before following a motorist, and, up until the point when Loveless crossed the center line and Officer Parker engaged his blue lights, following Loveless is all that Officer Parker did. Accordingly, even if Officer Parker's suspicion of a noise ordinance violation was not sufficient to establish probable cause, and we find that it was, Loveless's careless driving evidenced by his crossing the center line of the road clearly established probable cause sufficient for Officer Parker to initiate the traffic stop. This assignment of error is, therefore, wholly without merit.
3. Jurisdiction
¶ 20. Loveless contends that the uniform traffic ticket charging him with driving under the influence, first offense, as well as the affidavits charging him with possession of beer and possession of whiskey were defective. Based on these defects, Loveless contends that the municipal court did not have jurisdiction with respect to these charges. Further, since the circuit court's jurisdiction is only valid insofar as jurisdiction was valid in municipal court, Loveless asserts that the circuit court was without jurisdiction also.
¶ 21. Questions regarding jurisdiction and statutory construction are questions of law which we review de novo. Jensen v. State, 798 So.2d 383, 384(¶ 6) (Miss.2001). For reasons to be discussed below, we find that the errors or omissions contained in the uniform DUI citation and possession affidavits do not render these documents defective. Therefore, jurisdiction was properly exercised in this case, and any argument to the contrary is without merit.
¶ 22. Loveless points out that the DUI citation indicated an arraignment date of August 18, 2003, at 3:30, but did not indicate whether it would be a.m. or p.m. Further, the citation lists the municipal court address as 203 N. Main Street when in fact the address for the municipal court was 1901 East Chambers Drive. According to Loveless, the Booneville Municipal Court had been situated at the Chambers Drive location "for some time prior to" issuance of the DUI citation. Because of these errors, Chambers contends that the DUI citation did not comply with Mississippi *732 Code Annotated section 63-9-21(3)(c) (Supp.2003), which provides, in relevant part, as follows:
Every traffic ticket shall show, among other necessary information, the name of the issuing officer, the name of the court in which the cause is to be heard, and the date and time such person is to appear to answer the charge. The ticket shall include information which will constitute a complaint charging the offense for which the ticket was issued, and when duly sworn to and filed with a court of competent jurisdiction, prosecution may proceed thereunder.
¶ 23. Referring to the information required by subsection (3)(c), our supreme court in Wheeler v. Stewart, 798 So.2d 386, 390(¶ 8) (Miss.2001) stated that "[a] traffic ticket that contains this information constitutes a `sworn affidavit' as referred to in Section 21-23-7(1) when the officer who issues the ticket has it properly attested and filed with the proper court." Because Loveless's DUI citation does not contain an a.m. or p.m. designation, he contends that it did not comply with the "time such person is to appear" requirement of section 63-9-21(3)(c). Relying on Wheeler and an opinion of the Mississippi Attorney General interpreting section 63-9-21(3)(c) in light of Wheeler,[11] Loveless argues that this omission, as well as the listing of the incorrect municipal court address, rendered the citation fatally defective.
¶ 24. The Mississippi Supreme Court has stated that, "[a]lthough a statute imposing criminal penalties must be strictly construed in favor of the accused, it should not be so strict as to override common sense or statutory purpose." Palmer v. City of Oxford, 860 So.2d 1203, 1211(¶ 23) (Miss.2003) (citing United States v. Brown, 333 U.S. 18, 25, 68 S.Ct. 376, 92 L.Ed. 442 (1948); State v. Burnham, 546 So.2d 690, 692 (Miss.1989)). Furthermore, "[s]trict construction means reasonable construction." Id. (citing State v. Martin, 495 So.2d 501, 502 (Miss.1986)). We hold that to deem the citation at issue defective based on the lack of an a.m. or p.m. designation would require this Court to construe section 63-9-21(3)(c) so strictly so "as to override common sense [and the] statutory purpose" of that provision.
¶ 25. Regarding the incorrect municipal court address listed on Loveless's DUI citation, we note that section 63-9-21(3)(c) does not require that the address of the municipal court be contained on the citation. While prudence suggests that correct information be provided in order to avoid prejudice caused by incorrect information, we note that Loveless does not allege, and the record does not reveal, that he suffered any such prejudice. Accordingly, neither the p.m. omission nor the incorrect municipal court address prevented the municipal and circuit courts from properly asserting jurisdiction over Loveless's DUI charge. We turn now to Loveless's contention that the affidavits charging him with unlawful possession of beer and unlawful possession of whiskey were defective.
¶ 26. The "Police Justice Affidavit" citing Loveless for "willfully and unlawfully" possessing beer in violation of "an order of the Board of Supervisors of Prentiss County, Mississippi . . . against the peace and dignity of the State of Mississippi" does not contain a reference to any Mississippi statute. In addition to not citing a Mississippi statute, the affidavit *733 charging Loveless with "willfully and unlawfully possess[ing] 750ml of Taaka vodka" does not reference any local ordinance or order that Loveless was charged with violating. Loveless cites Brown v. State, 241 Miss. 838, 133 So.2d 529 (1961) to support his argument that these affidavits were deficient for failing to cite section 67-3-13 of the Mississippi Code.[12]
¶ 27. In Brown, the supreme court held that the affidavit charging the defendant with unlawful possession of homemade beer was insufficient for failing to "allege that the possession was in violation of Chapter 279, Laws of 1958. . . ." Id. at 840, 133 So.2d at 530.[13] However, the supreme court subsequently held "[i]n Armstead v. State, 503 So.2d 281 (Miss.1987) . . . that all questions regarding the sufficiency of indictments are determinable by reference to Rule 2.05 [of the Uniform Criminal Rules of Circuit Court Practice] which articulated seven elements which are to be included in any indictment." Nguyen v. State, 761 So.2d 873, 875(¶ 7) (Miss.2000) (citing Armstead, 503 So.2d at 283). Rule 7.06 of the Uniform Circuit and County Court Rules, adopted effective May 1, 1995, contains the same seven elements as former Rule 2.05 and governs indictments and other criminal complaints such as the affidavits at issue in the case sub judice. See id. With respect to the specificity with which an indictment must describe the charged crime, Rule 7.06, in parts relevant to the alleged error, provides as follows:
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. . . .
¶ 28. We note that the affidavit charging Loveless with unlawful possession of beer and the affidavit charging him with unlawful possession of whiskey both comply with the relevant portion of Rule 7.06 set forth above. Both affidavits plainly and concisely set forth the essential facts underlying the respective charges with sufficient clarity and definiteness such that Loveless was adequately notified of the "nature and cause of the accusation[s]" against him. Accordingly, the failure to reference section 67-3-13 of the Mississippi Code did not render these affidavits defective, and Loveless's argument to the contrary is without merit.
¶ 29. THE JUDGMENT OF THE PRENTISS COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE FIRST OFFENSE, CARELESS DRIVING, POSSESSION OF BEER IN A DRY COUNTY, AND UNLAWFUL POSSESSION OF WHISKEY, AND SENTENCE OF TWO DAYS IN JAIL WITH TWO DAYS SUSPENDED AND $1,550 IN FINES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, ISHEE, *734 ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] At the time he gave testimony at the trial in this matter, Officer Parker was working for the Prentiss County Sheriff's Department; however, he was working for the City when the events which gave rise to this action occurred.
[2] The record reflects that, prior to Loveless's objection, Officer Parker testified to his name, rank, that he was employed as a police officer in the City of Booneville on August 1, 2003, and that he had been employed as a police officer since 1998.
[3] The record reflects subsequent continuances from September 24, 2004, until March 11, 2005, due to the trial judge's unavailability, and from March 11, 2005, to June 22, 2005, pursuant to a motion by Loveless. Finally, upon motion by Loveless, trial was reset for June 20, 2005, and proceedings were had and concluded on that date.
[4] The trial judge expressed her opinion that, in light of defense counsel's involvement in the municipal proceedings, allowing Loveless the benefit of the remedial provisions outlined in Rule 9.04(I) was "overkill." Because this issue is not presented for our review, we do not express any opinion as to whether the City's initial response to Loveless's discovery request complied with Rule 9.04.
[5] We note that, despite the circuit court's unrequested grant of a continuance in this case, Rule 9.04(I)(2) requires the granting of a mistrial or continuance only upon a claim of "unfair surprise or undue prejudice" followed by a request for a continuance or mistrial by the defense. Loveless made no request for a continuance and, in fact, objected to the court's grant of a continuance.
[6] As pointed out in footnote three, above, at least part of the continuation in this case is attributable to Loveless.
[7] As alluded to above, Loveless was represented by the same counsel during the circuit court and municipal court proceedings. Accordingly, the City's representation that it would call only those witnesses that were called at the trial in municipal court clearly informed Loveless of the witnesses it intended to call at trial in circuit court.
[8] The record reflects that Loveless's letter requesting discovery prior to trial in circuit court was dated February 26, 2004, and the City's letter in response was dated March 2, 2004, and stamped "Received" on March 3, 2004.
[9] The circuit judge ruled that the prosecution would not be allowed to introduce the videotape showing Loveless's demeanor after the traffic stop, evidence which was introduced during the municipal court trial. Without this evidence, Officer Parker's testimony was the only evidence of Loveless's intoxication that the City planned to present.
[10] Because Loveless addresses this issue under a probable cause analysis rather than a reasonable suspicion analysis, without challenge by the City, we do the same. However, it should be noted that the lesser standard of reasonable suspicion applies in making investigatory traffic stops. See Floyd v. City of Crystal Springs, 749 So.2d 110, 114-15 (Miss. 1999) (citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)). The Mississippi Supreme Court has recognized that under reasonable circumstances an officer may stop a suspect "to resolve an ambiguous situation" with less knowledge than justifies arrest, i.e. on less than probable cause. Floyd v. City of Crystal Springs, 749 So.2d 110, 114(¶ 16) (Miss.1999) (citing Singletary v. State, 318 So.2d 873, 876 (Miss.1975)). Under this lesser standard, a suspect may be stopped if there is "reasonable suspicion, grounded in specific and articulable facts," taken in the totality of the circumstances, that the detaining officer had a "particularized and objective basis for suspecting the particular person stopped of criminal activity," even if there is no probable cause to arrest the suspect. Id. (quoting U.S. v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)).
[11] The attorney general opinion cited by Loveless concluded that a citation giving "notice to the defendant to either pay the ticket [within thirty days] or contact the court does not satisfy the requirements of Section 63-[9]-21(3)(c)." Municipal Traffic Tickets, XXXXXXXXX Op. Att'y Gen. No.XXXX-XXXX (2002).
[12] Subsection one of this statute makes it unlawful to possess beer in a county which has elected to "prohibit the transportation, storage, sale, distribution, receipt and/or manufacture of wine and beer. . . ." Miss. Code Ann. § 67-3-13(1) (Rev.2005).
[13] Chapter 279, Laws of 1958 is currently codified at section 67-3-13 of the Mississippi Code.