# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KM-00973-COA

JASON CAISSIE A/K/A JASON CULLEN      APPELLANT
CAISSIE

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/31/2016 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JASON CAISSIE (PRO SE) |
| ATTORNEY FOR APPELLEE: | DAVID GARNER |
| DISTRICT ATTORNEY: | MATT SULLIVAN |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED: 03/06/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., WESTBROOKS AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1. The Raleigh Municipal Court found Jason Caissie guilty of operating a motor vehicle without a valid driver's license and failing to maintain or provide proof of insurance. *See* Miss. Code Ann. §§ 63-1-5 & -7 & 63-15-4 (Rev. 2013). Caissie unsuccessfully appealed his two misdemeanor convictions to Smith County Circuit Court. On appeal from the circuit court's judgment affirming his convictions, Caissie raises numerous issues, which we restate as follows: (1) whether numerous due-process violations rendered the municipal court's judgment void; (2) whether the circuit court erred by allowing an appeal from a void judgment; (3) whether the circuit court erred by allowing his prosecution based on "an illegal

roadblock and false arrest"; (4) whether the circuit court erred by failing to grant him discovery; (5) whether the circuit court erred by quashing the subpoenas he issued to the Commissioners of the Mississippi Department of Revenue and the Mississippi Department of Public Safety; (6) whether the circuit court erred by failing to accept his plea of "non assumpsit by way of confession and avoidance"; (7) whether error occurred because the prosecution failed to provide the statutory law he was charged with violating; (8) whether error occurred because the prosecution failed to provide him with a charging instrument; (9) whether the circuit court erred by denying his request to voir dire his court-appointed armchair counsel; (10) whether the circuit court erred by refusing his request for "next friend" counsel; (11) whether error occurred because the prosecution failed to answer or address several of his pretrial filings; and (12) whether the circuit court erred by excluding an audio recording he attempted to admit into evidence.

¶2. Finding no error in the circuit court's judgment, we affirm.

**FACTS**

¶3. While driving through the town of Raleigh, Mississippi (the Town), on April 25, 2015, Caissie encountered a safety checkpoint conducted by Officer Ricky Hand of the Raleigh Police Department. Officer Hand asked Caissie to produce a valid driver's license and proof of insurance. When Caissie failed to comply with the request, Officer Hand arrested Caissie and issued him one ticket for operating a motor vehicle without a valid driver's license and a separate ticket for failing to maintain or provide proof of insurance.

¶4. The municipal court found Caissie guilty of both offenses. Caissie then appealed to

2

the circuit court, which tried the charges de novo. Following a bench trial on May 12, 2016, the circuit court found Caissie guilty of both charges and ordered him to pay a $500 fine for each offense, for a total fine of $1,000. Caissie filed an unsuccessful new-trial motion. Aggrieved by the circuit court's judgment, Caissie now appeals his misdemeanor convictions to this Court. As needed, we will relate any additional facts during our discussion of the issues Caissie raises on appeal.

**STANDARD OF REVIEW**

¶5. The appellate courts affirm a trial judge's decision in a bench trial where substantial, credible, and reasonable evidence supports the decision. *Parish v. State*, 176 So. 3d 781, 785 (¶13) (Miss. 2015). We only reverse the findings of a trial judge sitting without a jury when the trial judge was clearly wrong or committed manifest error. *Harvey v. State*, 195 So. 3d 231, 232 (¶5) (Miss. Ct. App. 2016).

**DISCUSSION**

**I. Whether numerous due-process violations rendered the municipal court's judgment void.**

**II. Whether the circuit court erred by allowing an appeal from a void judgment.**

¶6. Caissie first contends that numerous due-process violations occurred prior to and during his municipal-court trial and rendered the municipal court's judgment void.[1] Related

---

[1] A few examples of the due-process violations Caissie alleges include the following: (1) after his attempt to remove the case to federal court and the Town's attempt to remand, the Town failed to respond to his "petition for a show[-]cause hearing to challenge the sufficiency of the attempted remand"; (2) the lack of municipal-court rules prevented him from conducting discovery and receiving notice of the "nature and cause of the action" against him in municipal court; (3) his municipal-court trial amounted to a trial by ambush;

to this argument, Caissie asserts that the circuit court committed reversible error by allowing a void judgment to form the basis of an appeal.

¶7.    Uniform Rule of Circuit and County Court 5.01 establishes that a direct appeal from justice or municipal court to circuit court "shall be by trial de novo."[2]  This remains true even where the appellant pled guilty in justice or municipal court.  *Jones v. State*, 972 So. 2d 579, 580 (¶3) (Miss. 2008).  Even if defects exist in the justice or municipal court's judgment, such defects amount to harmless error when a defendant appeals and receives a trial de novo. *Stidham v. State*, 750 So. 2d 1238, 1245 (¶31) (Miss. 1999); *see also Hitt v. State*, 149 Miss. 718, 718, 115 So. 879, 883 (1928) (recognizing that a de novo trial in circuit court "was as if there had never been a trial before a justice of the peace, and was effectual *to correct any and all errors committed by the justice of the peace either as to a ruling of law, or as to a ruling on facts*" (emphasis added)).  Because Caissie appealed his misdemeanor convictions and received a de novo trial in circuit court, we find no merit to his claims regarding the alleged defects in and the validity of the municipal court's judgment against him.

III.    **Whether the circuit court erred by allowing Caissie's prosecution based on "an illegal roadblock and false arrest."**

---

(4) the Town failed to provide sufficient pleadings to invoke the municipal court's jurisdiction; (5) the municipal court's failure to follow the law deprived the court of jurisdiction and rendered its judgment void; and (6) as the Town's officers, the municipal-court judge and the prosecuting attorney possessed a pecuniary interest in the litigation's outcome that disqualified them and voided the judgment.

[2] Effective July 1, 2017, the Mississippi Rules of Criminal Procedure supplanted the Uniform Rules of Circuit and County Court relating to criminal practice.  However, the former rules remained in effect at the time of Caissie's trial, and we therefore cite and discuss these rules as necessary throughout our opinion.

4

¶8. The evidence and testimony presented at trial established that Caissie encountered a safety checkpoint while driving through Mississippi on his way home to Tennessee. In response to Officer Hand's requests, Caissie failed to produce either a valid driver's license or proof of insurance. As a result, Officer Hand arrested Caissie and issued him two traffic citations. On appeal, Caissie claims that the safety checkpoint, as well as his arrest and subsequent misdemeanor convictions, violated his constitutional rights. Caissie further alleges the circuit court erred by allowing "an illegal roadblock and false arrest" to form the basis of his prosecution. However, "[t]his Court has consistently held that the State does arguably have an interest in ensuring that drivers are properly licensed." *Field v. State*, 28 So. 3d 697, 705 (¶27) (Miss. Ct. App. 2010) (citing *Johnston v. State*, 853 So. 2d 144, 146 (¶5) (Miss. Ct. App. 2003)). Furthermore, "[a] checkpoint set up for the specific purpose of checking driver's licenses, valid tags, and insurance serves a legitimate public safety purpose; therefore, it does not violate a defendant's right of protection against unreasonable searches and seizures." *Id.* (citing *Hampton v. State*, 966 So. 2d 863, 866 (¶13) (Miss. Ct. App. 2007)). We therefore find Caissie's assertions regarding this issue lack merit.

> **IV. Whether the circuit court erred by failing to grant all Caissie's discovery requests.**

> **V. Whether the circuit court erred by quashing the subpoenas Caissie issued to the Commissioners of the Mississippi Department of Revenue and the Mississippi Department of Public Safety.**

¶9. The circuit court granted the Town a protective order against several of Caissie's discovery requests and quashed subpoenas Caissie issued to the Commissioners of the Mississippi Department of Revenue and the Mississippi Department of Public Safety.

5

Caissie claims that his discovery requests were outcome determinative and that the circuit court erred by failing to grant all the requested discovery. He also argues the circuit court erred by quashing the two subpoenas because the commissioners were "principles" to his misdemeanor action in circuit court. We review a trial court's ruling on discovery matters for abuse of discretion. *Myers v. State*, 145 So. 3d 1143, 1147 (¶10) (Miss. 2014).

¶10. In this criminal case, former Uniform Rule of Circuit and County Court 9.04 governs discovery procedures. *Id.* at 1148 (¶11). Rule 9.04(A) requires the prosecution to disclose the following to a defendant:

(1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial, together with a copy of the contents of any statement, written, recorded[,] or otherwise preserved[,] of each such witness and the substance of any oral statement made by any such witness;

(2) Copy of any written or recorded statement of the defendant and the substance of any oral statement made by the defendant;

(3) Copy of the criminal record of the defendant, if proposed to be used to impeach;

(4) Any reports, statements, or opinions of experts, written, recorded[,] or otherwise preserved, made in connection with the particular case and the substance of any oral statement made by any such expert;

(5) Any physical evidence and photographs relevant to the case or which may be offered in evidence; and

(6) Any exculpatory material concerning the defendant.

¶11. Following its receipt of Caissie's discovery requests, the Town filed an October 22, 2015 motion for a protective order. In the motion, the Town argued it would experience undue burden and expense if required to respond to all of Caissie's discovery requests. The

Town further asserted that Caissie had propounded civil discovery requests that exceeded Rule 9.04's scope, including thirty-nine requests for admissions under Mississippi Rule of Civil Procedure 36 and sixteen other requests that "appear[ed] to be a mixture of interrogatories and request[s] for production of documents[.]"

¶12. On November 12, 2015, the Town filed a copy of the discovery served to Caissie. As required by Rule 9.04, the Town's discovery disclosures included: (1) a copy of the municipal-court record and the two tickets for the charges against Caissie; (2) a brief statement of the relevant facts; (3) the names, addresses, and phone numbers of potential witnesses; and (4) the substance of the potential witnesses' testimonies. On November 20, 2015, the Town supplemented its discovery disclosures and provided Caissie with the statutory law he was charged with violating. The Town also provided the name and contact information of an additional potential witness, as well as the substance of the witness's proposed testimony. On December 4, 2015, the circuit court entered an order granting the Town a protective order against Caissie's civil discovery requests that exceeded the scope of Rule 9.04.

¶13. In April 2016, Caissie attempted to subpoena the commissioners of both the Mississippi Department of Revenue and the Mississippi Department of Public Safety. Both agencies filed a motion to quash, which the circuit court granted. At the beginning of Caissie's trial, the circuit court explained that it quashed the subpoenas because the commissioners were not present at the time Caissie received his traffic tickets and because the court saw no evidence that the commissioners could provide testimony relevant to

7

Caissie's traffic tickets.

¶14. Upon review, we find no abuse of discretion in the circuit court's decisions on Caissie's discovery matters. The Town complied with Rule 9.04's mandatory discovery disclosures for criminal matters, and Caissie fails to show the Town was obligated to respond to his civil discovery requests. In addition, before a defendant can subpoena records, he must obtain the court's leave. *See* URCCC 2.01. Because Caissie failed to do so here, he failed to follow the appropriate court procedure for the issuance of his subpoenas. Furthermore, as the circuit court noted in quashing Caissie's two subpoenas, no evidence existed to show that the commissioners possessed personal knowledge or relevant testimony related to Caissie's traffic tickets. We therefore find these issues lack merit.

**VI.     Whether the circuit court erred by failing to accept Caissie's plea of "non assumpsit by way of confession and avoidance."**

¶15. Prior to his trial, Caissie attempted to enter a plea of "non assumpsit by way of confession and avoidance." The circuit court instructed Caissie that he could plead guilty, not guilty, or nolo contendere. Over Caissie's objection, the circuit court refused to accept his plea of "non assumpsit by way of confession and avoidance" and entered Caissie's plea as not guilty. On appeal, Caissie argues the circuit court committed reversible error. We disagree.

¶16. Mississippi has its applicable criminal-procedural rules, which allow a defendant to "plead not guilty, or guilty, or with the permission of the court, nolo contendere." URCCC 8.04(A)(1). When a defendant "refuses or neglects to plead, stands mute, or pleads evasively," the court should "enter a plea of not guilty and . . . proceed to trial." URCCC

8

8.03. Thus, upon review, we find no error in the circuit court's refusal to accept Caissie's plea of "non assumpsit by way of confession and avoidance" and to instead enter Caissie's plea as not guilty before proceeding to a de novo trial on the charges facing Caissie.

> **VII.  Whether error occurred because the Town failed to provide the statutory law Caissie was charged with violating.**

> **VIII.  Whether error occurred because the Town failed to provide Caissie with a charging instrument.**

¶17.    Caissie argues that his traffic tickets were not competent charging instruments and that the circuit court "erred by moving forward to trial without an indictment or some formal charging instrument stating the statute or ordinance relied upon after [Caissie] was arrested[.]" Caissie further asserts that reversible error occurred because the Town failed to provide him with "the law imposing a duty on [him]."

¶18.    This Court has previously recognized that, in misdemeanor cases, a uniform traffic ticket may serve as an affidavit to put the defendant on notice of the charges against him. *Scott v. City of Booneville*, 962 So. 2d 698, 701-02 (¶8) (Miss. Ct. App. 2007). Mississippi Code Annotated section 63-9-21(3)(c) (Rev. 2013) sets forth the following requirements for a traffic ticket:

> Every traffic ticket shall show, among other necessary information, the name of the issuing officer, the name of the court in which the cause is to be heard, and the date and time the person is to appear to answer the charge. The ticket shall include information that will constitute a complaint charging the offense for which the ticket was issued, and when duly sworn to and filed with a court of competent jurisdiction, prosecution may proceed thereunder.

"Such a traffic ticket constitutes a sworn affidavit sufficient to charge a defendant in municipal court." *Scott*, 962 So. 2d at 701-02 (¶8) (citing *Wheeler v. Stewart*, 798 So. 2d

9

386, 390 (¶8) (Miss. 2001)).

¶19. In *Loveless v. City of Booneville*, 972 So. 2d 723, 732-33 (¶26) (Miss. Ct. App. 2007), this Court addressed the defendant's argument that the charging affidavits' failure to cite applicable statutory law or local ordinances rendered the affidavits deficient. We acknowledged in *Loveless* that Uniform Rule of Circuit and County Court 7.06 "governs indictments and other criminal complaints such as the affidavits at issue[.]" *Loveless*, 972 So. 2d at 733 (¶27). Although the charging affidavits in *Loveless* referenced no statutory law or local ordinances, we still held the affidavits complied with Rule 7.06 by "plainly and concisely set[ting] forth the essential facts underlying the respective charges with sufficient clarity and definiteness such that Loveless was adequately notified of the 'nature and cause of the accusations' against him." *Id.* at (¶28) (quoting URCCC 7.06). As a result, we found no merit to Loveless's arguments that the charging affidavits were insufficient. *Id.*

¶20. In the present case, the two traffic tickets (charging affidavits) Officer Hand issued to Caissie met the requirements established by section 63-9-21(3)(c). Furthermore, as in *Loveless*, the traffic tickets at issue complied with Rule 7.06's mandate to "plainly and concisely set forth the essential facts underlying the respective charges with sufficient clarity and definiteness . . . that [Caissie] was adequately notified of the 'nature and cause of the accusations' against him." *Loveless*, 972 So. 2d at 733 (¶28) (quoting URCCC 7.06). In addition, despite Caissie's assertions, the Town supplemented its discovery disclosures on November 20, 2015. In so doing, the Town explicitly informed Caissie that he was charged with operating a motor vehicle without a valid driver's license in violation of sections 63-1-5

and 63-1-7 and failing to maintain or provide proof of insurance in violation of section 63-15-4. Thus, the record clearly refutes Caissie's claims that the Town failed to provide him with "the law imposing a duty on [him]." We therefore find no merit to Caissie's arguments that the Town failed to provide him with charging instruments or the law applicable to his misdemeanor charges.

**IX.   Whether the circuit court erred by denying Caissie's request to voir dire his court-appointed armchair counsel.**

**X.   Whether the circuit court erred by refusing Caissie's request for "next friend" counsel.**

¶21.   After ascertaining that Caissie wished to represent himself at trial, the circuit court, over Caissie's objection, appointed a public defender to be Caissie's armchair counsel. The circuit court explained that the armchair counsel would not interfere with Caissie's presentation of his case but would simply be available should Caissie need assistance. Caissie unsuccessfully sought to voir dire his court-appointed armchair counsel. Caissie also unsuccessfully requested "next friend" counsel. On appeal, Caissie argues the circuit court's denial of these two requests amounted to reversible error.

¶22.   Upon review, we find substantial, credible, and reasonable evidence supported the circuit court's decisions. The circuit court appointed the public defender as Caissie's armchair counsel. As a licensed attorney familiar with the legal rules, procedure, and protocol applicable to circuit court, the public defender was competent to assist Caissie in the trial of his misdemeanor charges. Thus, we find no manifest error in the circuit court's denial of Caissie's request to voir dire the public defender.

11

¶23. As previously discussed, Caissie also requested that the circuit court grant him "next friend" counsel. The circuit court agreed to grant the request as long as the person was a licensed attorney, but Caissie objected to that requirement. Explaining that the unauthorized practice of law is a crime in Mississippi, the circuit court denied Caissie's request for "next friend" counsel. Because Mississippi Code Annotated section 73-3-55 (Rev. 2012) specifically prohibits "any person [from] engag[ing] in the practice of law in this state who has not been licensed according to law[,]" we find no error in the circuit court's denial of Caissie's request for a "next friend" counsel who was not a licensed attorney. *See also Darby v. Miss. State Bd. of Bar Admissions*, 185 So. 2d 684, 687 (Miss. 1966) (providing that "any exercise of intelligent choice in advising another of his legal rights and duties brings the activity within the practice of the legal profession" (citation omitted)). We therefore find that these assignments of error lack merit.

### XI. Whether error occurred because the Town failed to answer or address several of Caissie's pretrial filings.

¶24. Prior to his trial de novo in circuit court, Caissie filed a pretrial brief, facts of which he wished the court to take judicial notice, and "notice to [the] circuit court of relevant facts and law." Caissie alleges the Town's failure to respond to or rebut these pretrial filings amounts to agreement with their content. He further claims that the Town's failure to respond to and the circuit court's failure to rule on his filings violated his constitutional rights. However, Caissie cites no relevant legal authority to support his arguments. As the appellant, Caissie bears the responsibility to provide authority and support for his assignments of error. *See Hoops v. State*, 681 So. 2d 521, 526 (Miss. 1996). "If a party does

12

not provide this support[, the appellate court] is under no duty to consider assignments of error when no authority is cited." *Id.* As we recently recognized:

> An appellant cannot give cursory treatment to an issue and expect this Court to uncover a basis for the claims, either in the record or in the law. Simply put, we will not act as an advocate for one party to an appeal. The appellant must affirmatively demonstrate error in the court below, and failure to do so waives an issue on appeal.

*Satterfield v. State*, 158 So. 3d 380, 383 (¶6) (Miss. Ct. App. 2015) (quoting *Jefferson v. State*, 138 So. 3d 263, 265 (¶9) (Miss. Ct. App. 2014)). We therefore decline to further address this issue.

### XII. Whether the circuit court erred by excluding an audio recording Caissie attempted to admit into evidence.

¶25. During his trial, Caissie cross-examined Officer Hand and then informed the circuit court and the Town for the first time that he wished to introduce into evidence an audio recording. Caissie alleged the recording showed that Officer Hand failed to ask for proof of insurance during the traffic stop. The Town objected on the ground that Caissie had not produced the recording during discovery as required by the Uniform Rules of Circuit and County Court. *See* URCCC 9.04(C) (discussing the defendant's disclosure obligations during discovery).

¶26. Although Caissie argues on appeal that the circuit court erroneously excluded the audio recording, the record reflects that the circuit court never actually entered a ruling on the Town's objection. Instead, the record shows that Caissie took issue with a statement the Town's attorney made during the objection, and the exchange between the parties and the court never returned to Caissie's attempt to admit the audio recording into evidence. "An

13

appellate court cannot review a matter which was not ruled upon by the trial court." *Dedeaux Util. Co. v. City of Gulfport*, 938 So. 2d 838, 845 (¶22) (Miss. 2006); *see also Hemmingway v. State*, 483 So. 2d 1335, 1337 (Miss. 1986) ("There was no ruling by the trial court and, therefore, nothing preserved for review by the appellate court[.]"). Because the circuit court never ruled on this matter, we refuse to address it for the first time on appeal.

## CONCLUSION

¶27. Because we find no error in the circuit court's judgment, we affirm Caissie's misdemeanor convictions for operating a motor vehicle without a valid driver's license and failing to maintain or provide proof of insurance.

¶28. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**